THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, v. EDWARD SEELEY, APPELLANT.

*Abduction — what facts constitute the offense — Penal Code, sec. 282, sub. 1.*

Under subdivision 1 of section 282 of the Penal Code, declaring that "a person who takes a female under the age of sixteen years for the purpose of prostitution or sexual intercourse, or without the consent of her father, mother, guardian or other person having legal charge of her person for the purpose of marriage," is guilty of abduction, it is not necessary, to the commission of the crime, that the accused should in any case use any force or practice any fraud or deception; it is sufficient if the female is induced by his request, advice or persuasion, to go from the place where the accused meets and approaches her to some other place indicated by him and there has sexual intercourse with him.

The offense may be committed without an actual manual capture of the female, nor is it necessary that she be taken against her will.

APPEAL from a judgment of a Court of Oyer and Terminer, convicting the defendant of the crime of abduction.

The appellant was convicted at the Monroe Oyer and Terminer for having abducted Lena Smith, a girl under the age of sixteen years, for the purpose of having sexual intercourse with her. In the first count in the indictment it is charged that the defendant unlawfully and feloniously did take Lena Smith, a female under sixteen years of age, for the purpose of having sexual intercourse with her. This count is framed under subdivision 1 of section 282 of the Penal Code, as amended by chapter 46 of the Laws of

1884. The second and third counts charge offenses as defined in subdivisions 2 and 3 of the same section. The jury rendered a verdict of guilty as charged in the first count, and in their verdict did not find either way on the other counts.

Lena Smith, the prosecutrix, lived with her parents in a house near the grounds or yards of the city hospital in the city of Rochester. The accused had charge of the yards and was acquainted with and occasionally met Lena on the street in front of her father's house. She testified, in substance, that on the evening of the day mentioned in the indictment she was on the street in front of her home in company with another girl, Jennie Brooks, of the age of twelve years, with whom she was acquainted, when the defendant came to them and commenced a conversation, and proposed to her that she go with him into the hospital grounds, and she refused and he then walked away. He soon returned to the same place and renewed the request, addressing himself to the prosecutrix, and asked her to go into the hospital yard and there have sexual intercourse with him, and offered to give her a dollar, which he said she could divide with her companion, Jennie Brooks. The prosecutrix then consented, and the defendant directed the way and the gate through which she should pass into the grounds, and the girl Jennie Brooks accompanied her; and he went by another way, passing through an alley, and they soon met in the grounds at the place designated by the defendant, a secluded part of the enclosure. While in the grounds the defendant had sexual intercourse with both of the girls. They then separated, and the girls returned to the sidewalk in front of Lena's home, where the accused soon joined them, and he gave Lena fifty cents, which she shared with the girl Jennie. The prosecution called the latter as a witness, and she fully corroborated the prosecutrix in her evidence, and the defendant's confessions were proved, which also tended to establish his guilt and to confirm the story of the witnesses for the prosecution.

One of the points made by the appellant on the trial was that the evidence did not constitute an offense within the sense and meaning of the statute.

*W. Henry Davis,* for the appellant.

*W. H. Shaffer,* assistant district attorney, for the respondents.

BARKER, J. :

The statute creating and defining the offense of which the defendant was convicted, is terse in expression as well as plain in its provisions. It declares that "a person who takes a female under the age of sixteen · years for the purpose of prostitution or sexual intercourse, or without the consent of her father, mother, guardian or other person having legal charge of her person, for the purpose of marriage * * * is guilty of abduction, and punishable by imprisonment for not more than five years, or by a fine of not more than one thousand dollars, or by both."

The only serious question presented is as to what acts on the part of the accused person will constitute an unlawful and criminal taking, within the sense and meaning of the statute. We think it clear, in view of the nature of the wrong which the statute intended to punish that it is not necessary to constitute the crime that the accused should in any case use any force or practice any fraud or deception, and that it is sufficient, within the statute, if the female is induced by his request, advice or persuasion, to go from the place where the accused met and approached the prosecutrix with the request and solicitation for her to accompany him or meet him at some other place indicated by the accused, with the intent and purpose there to accomplish the wicked act of her defilement. The offense may be accomplished without an actual manual capture of the female, nor is it necessary that she be taken against her will. The section, as originally adopted, required that the taking should be without the consent of the father, mother, guardian or other person having legal charge of the prosecutrix. To constitute the offense, as the statute now reads, it is not necessary that the girl should be taken from her parents or other custodian of her person. If the construction which we have placed upon the statute is the correct one, then the evidence was sufficient to sustain the conviction, and the defendant's guilt was established beyond much, if any, doubt.

As the unlawful act mentioned in the statute constitutes the crime of abduction, we are aided in giving construction to the statute by the definition and meaning of the phrase " abduction," as the same is used by jurists, law writers and lexicographers. Blackstone defines abduction to be the taking or carrying away of

the child of a parent or the wife of a husband, either by fraud. persuasion or open violence. (3 Blackstone's Commentaries, 139–140.) When the word is used as a law phrase, Webster adopts and approves of this definition. The English statute on the same subject (9 Geo. IV, chap. 31, section 20) provided: "That if any person shall unlawfully take or cause to be taken, any unmarried girl, being under the age of sixteen years, out of the possession and against the will of her father, or mother, or of any other person having the lawful care or charge of her, every such offender shall be guilty of a misdemeanor." The English courts in giving construction to this statute, have frequently held that there need be no force, actual or constructive, and that slight enticement and persuasion, by which the female either accompanies or meets the abductor is sufficient. (*Regina* v. *Manktelow*, 6 Cox Crim. Cases, 143; *Regina* v. *Timmins*, 8 id., 401.) In *Regina* v. *Olifier* (10 id., 403), the court said, that if the prosecutrix acted under the advice and persuasion of the accused, it constituted an unlawful and criminal taking within the meaning of the statute.

Upon the trial of an indictment, founded upon a section of the Revised Statutes which enacts that every person who shall take any woman, unlawfully against her will, with intent to compel her by force, menace or duress to marry him, or to marry any other person, or to be defiled, the court held that it was not necessary for the prosecution to show that actual physical violence had been used by the prisoner, to constitute a taking of the prosecutrix against her will within the meaning of the section, but that it was sufficient if she had been induced by deceit or false pretenses of the prisoner to go to the place, and proof that she had been induced to go there on the pretense that she could find employment as a servant, constituted a violation of the statute and brought the case within the sense and meaning of the law and justified a conviction. (*Beyer* v. *The People*, 86 N. Y., 369; *Schnicker* v. *The People*, 88 id., 194.)

We have looked into the case of *Kauffman* v. *The People* (11 Hun, 82), where the indictment was founded on chapter 105 of the Laws of 1848, and we are unable to find any point adjudicated contrary to the views which we have expressed. The charge of the court was fair and intelligent, clearly presenting for the consideration of the jury all the legal propositions involved, to which the

defendant interposed no exceptions, and we are unable to discover any reason for reversing the judgment, after considering the legal questions presented.

The motion for a new trial after the verdict was rendered, upon the ground that the jury were guilty of misbehavior, was properly denied, and in reaching a conclusion on this question we follow the case of. the *People* v. *Draper* (28 Hun, 1), which is a decision of this court.

The omission of the jury to render a verdict upon the second and third counts is not such an irregularity as should lead to a new trial, for the omission to find one way or the other is equivalent to an acquittal on those counts, and a judgment as to them is a bar to a further prosecution. (*People* v. *Dowling*, 84 N. Y., 478.)

As judgment has been pronounced upon the conviction, and there does not appear that there has been any stay in its execution, it is only necessary for us to order an affirmance.

The judgment and order should be affirmed.

SMITH, P. J., and BRADLEY, J., concurred; HAIGHT, J., not voting.

Judgment and order affirmed.