Burke, J.
(dissenting). We find that the trial court did not err in charging the jury that corroborative evidence was unnecessary in order to convict Lo Verde of endangering the health or morals of the complainant. Lo Verde was not indicted for a defilement or misdemeanor rape. He was indicted on separate counts for rape, first degree, for assault with intent to commit rape, and for endangering the health and morals of a child. It is these crimes which are set forth in the indictment, which govern the essential matter of proof. But the same act or acts may be proof of different crimes described under different sections of the Penal Law.
In People v. Florio (301 N. Y. 46, 52) the court said: “ There are many occasions in the criminal law where the same act constitutes different crimes and is punishable in different ways, but no one would claim that prosecution may not be had for either or both depending on the facts presented and found by a jury ’ ’. Furthermore, ‘ ‘ the State may proceed under a general statute even though a more specific one is available. A specific statute does not necessarily replace a more general *117 statute, and does not become the exclusive method of prosecution.” (People v. Hines, 284 N. Y. 93, 105; see, also, People v. Bord, 243 N. Y. 595.)
We find nothing in the Penal Law that precludes prosecution of a defendant for endangering the morals of a child where the complainant testifies to an act of sexual intercourse. It is anomalous to ascribe an intent to the Legislature to allow a defendant to frustrate a prosecution for the impairment of the morals of a •minor on the grounds that unless he is convicted of rape he must go free when it may be impossible to legally convict him of such a crime.
It is clear that the provisions of the statute dealing with the crime of endangering the health or morals of a child (Penal Law, § 483) do not limit the kind of conduct that might be deemed to result in an impairment of the morals of a minor. On the other hand, the provisions of the statute dealing with the carnal abuse of children over 10 years of age allow prosecution for any act amounting to carnal abuse except an act of intercourse (Penal Law, § 483-b). To state that the section of the Penal Law under which the conviction was found here likewise forbids prosecution for an act of intercourse, we would have to hold that the Legislature so intended, although they did not expressly so limit it. Such a construction is not justified. If the Legislature intended such a construction they would have so expressed it as they did in the amended companion section.
Since we are not at liberty to amend section 483 to conform with section 483-b of the Penal Law, sexual intercourse obviously should be considered conduct that might impair the morals of a minor.
In connection with the theory of defendant-appellant which relies on the so-called doctrine of merger, viz.: the rule that if indicted for a misdemeanor and, on the trial, the evidence clearly established the commission of a felony, the indictment would be dismissed in order that the defendant could be prosecuted for the felony — it is enough to note that this rule is not now the law of New York (People v. Tavormina, 257 N. Y. 84, 94; People v. Chimino, 270 App. Div. 114, affd. 296 N. Y. 554; People v. De Groat, 5 N Y 2d 947).
To illustrate that rape and endangering the health and morals are not degrees of the same crime, but are separate offenses *118 which must be set forth in separate counts in an indictment, even though an act of intercourse may be the basis of the accusations, we need only consider a case where a jury acquits a defendant indicted solely for first degree rape. In that event the jury may not return a verdict of guilty for either rape, second degree, misdemeanor rape or impairment (People v. Burch, 281 App. Div. 348). The acquittal of the rape charge here, therefore, did not prevent the jury from returning a verdict on the impairment count.
In regard to the defendant’s argument that the act committed amounted to a “ defilement”, it is interesting to observe that, unlike the crimes of rape, murder, and other crimes, the words 1 ‘ defile ’ ’ and ‘ ‘ defilement ’ ’ have no specific statutory definition in this State, although they appear in sections 2013, 70 and 1454 of the Penal Law.
We must concern ourselves not with a general everyday definition of the word “ defilement ” but rather with a specific criminal definition, because no act may be considered criminal unless made so by the Legislature. (People v. Blanchard, 288 N. Y. 145, 148; Penal Law, § 22.)
If the word ‘ ‘ defilement ’ ’ has any meaning it must be found within the bounds of sections 70 and 1454 of the Penal Law, or the sections of the statutes they supplant.
Section 70 states that “ A person who * * * 3. Takes or detains a female unlawfully against her will, with the intent to compel her, by force, menace or duress, to marry him, or to marry any other person, or to be defiled * * * Is guilty of abduction ’ ’.
Section 1454 states: “A person who by force, menace or duress, compels a woman against her will to marry him, or to marry any other person, or to be defiled” commits the crime of compulsory marriage.
The present section 70 (subd. 3) appeared verbatim in section 282 (subd. 3) of the Penal Code of 1884. Section 1454 was section 281 of the Penal Code. Section 283 of the Penal Code, the forerunner of the present section 2013, required corroboration for the crimes of “ abduction, compulsory marriage, or defilement”. Rape was then defined as a separate crime in section 278 of the code and the requirement for corroborative evidence was not added to section 283 until 1886.
*119 Prior to 1884 section 282 of the Penal Code (abduction) punished in subdivision 1 the taking of a female for the purposes of prostitution or sexual intercourse without the consent of either her parents or guardians. Subdivision 2 forbade the enticement of an unmarried female to a house of assignation for the purposes of prostitution or sexual intercourse. Subdivision 3 prohibited the taking of a female against her will for the purpose to compel her to marry someone or to be defiled.
It is clear then that the forcible taking of a female for illicit purposes could only be prosecuted under subdivision 3 when the parents approved or assented to this conduct.
In 1884 section 282 of the code was revised (L. 1884, ch. 46, § 2, p. 44) to read as follows: “1. Takes a female under the age of sixteen years for the purpose of prostitution or sexual intercourse, or without the consent of * * * [parents], guardian or other person having legal charge of her person, for the purpose of marriage ”. Subdivision 4 was added prohibiting parents or guardians from consenting to such conduct.
“ The result of this change was not only that the consent of a parent was no longer a defense to a charge of talcing a female for the purpose of prostitution or sexual intercourse [under subd. 1], but that the parent in so consenting was himself equally guilty of the crime. * * * This completed the evolution which changed the crime from one in which the primary interest, originally one of property or inheritance, became the protection of the parent’s interest in his children, and finally shifted the emphasis to the protection of the girls themselves ”. (N. Y. Legis. Doc., 1937, No. 65 [0], pp. 62-63; 1937 Report of N. Y. Law Rev. Comm., pp. 460-461.)
It is obvious that the only difference in the crime of compulsory marriage either under the code (§ 281) or Penal Law (§ 1454) and the crime of abduction under the code (§ 282, subd. 3) or Penal Law (§ 70, subd. 3) is that the latter makes criminal the unlawful taking accompanied with the specific intent while the former punishes the unlawful taking when the crime has been accomplished.
In the case of Schnicker v. People (88 N. Y. 192) the defendant Dora Schnicker, a female, was convicted under the Revised Statutes (pt. IV, ch. I, tit. Ill, art. 2, § 25) (2 Rev. Stat. 664) — the predecessor of section 281 of the 1881 Penal Code (com *120 pulsory marriage) —of taking the complainant unlawfully and forcing her to be defiled in that the complainant was compelled to remain in a house of ill repute and to submit to an unknown male. Thereafter in 1906 the Legislature enacted specific statutes (Penal Code, §§ -282-a, 282-b) explicitly covering the problem of compelled prostitution (L. 1906, ch. 413; L. 1906, ch. 138).
It would appear, therefore, both from legislative history and judicial construction, that the defilement presently referred to in section 2013 pertains to those crimes where either a male or female takes a female against her will and intends or accomplishes a forced marriage or forced intercourse with another male. (See, also, N. Y. Legis. Doc., 1937, No. 65[0], pp. 58-75; 1937 Report of N. Y. Law. Rev. Comm., pp. 456-473.)
The crime of defilement patently involves something more than the mere act of intercourse between two unmarried people because if this was not the case then we should say that the penal provisions relating to rape, adultery and seduction are superfluous. It would also mean we should hold that it was unnecessary for the Legislature in 1886 to include the crime of rape in section 283 of the code, as well as find that the specific sections of the Penal Law requiring corroboration for adultery (§ 103), compulsory prostitution of women (§ 2460, subd. 9) are likewise unnecessary. This, of course, we may not do.
We conclude, therefore, that the defendant was neither indicted for nor convicted of a defilement or misdemeanor rape within the meaning of section 2013 of the Penal Law and that section is accordingly inapplicable in this case.
We have held that, absent a specific statute mandating corroborative evidence, the sole testimony of a complainant, if believed, may be sufficient to support convictions for the crimes of assault with intent to commit rape (People v. Chimino, 270 App. Div. 114, affd. 296 N. Y. 554, supra; People v. De Groat, 5 A D 2d 1045, affd. 5 N Y 2d 947, supra), attempted rape (People v. Phillips, 204 App. Div. 112, affd. on other grounds 235 N. Y. 579; People v. Fagan, 163 Misc. 495), incest (People v. Gibson, 301 N. Y. 244), and sodomy (People v. Weinberger, 2 N Y 2d 892).
There is no statute requiring corroborative evidence in order to support a conviction under section 483 of the Penal Law *121 nor has such requirement been made a rule of law by this court. People v. Porcaro (6 N Y 2d 248) and People v. Oyola (6 N Y 2d 259) held that the evidence there adduced was insufficient as a matter of law to sustain the convictions.
The affirmed finding of guilt herein is supported by sufficient evidence and is, therefore, conclusive upon this court (1ST. Y. Const., art. VI, § 7). The judgment of conviction should be affirmed.
Chief Judge Conway and Judges Fulo and Van Vooehis concur with Judge Feoessel; Judge Desmond concurs for reversal for the reasons given by Judge Feoessel, and for the further reason that this was clearly a conviction for ‘1 defilement ” within the meaning of section 2013 of the Penal Law (see Beyer v. People, 86 N. Y. 369, 371; Schicker v. People, 88 N. Y. 192, 194; State v. Besares, 75 Utah 141); Judge Bubke dissents in an opinion in which Judge Dye concurs.
Judgment reversed, etc.