MOSES B. POLINSKY, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

The joinder of several distinct misdemeanors in the same indictment is not a cause for the reversal of judgment thereon on writ of error, when the sentence is single, and is appropriate to either of the counts upon which conviction was had.

The Legislature, in the exercise of its constitutional authority, may confer upon boards of health the power to enact sanitary ordinances, having the force of law, within the districts over which their jurisdiction extends.

Ordinances designed to prevent the sale of adulterated milk are within the scope of sanitary regulations.

As the provision of the New York city charter of 1873 (§ 82, chap. 335, Laws of 1873), authorizing the board of health to pass sanitary ordinances, and declaring that any violation of the sanitary code shall be treated and punished as a misdemeanor, does not prescribe the punishment, the provision of the Revised Statutes (2 R. S., 697, § 4) fixing the punishment for any misdemeanor, when the punishment is not specifically prescribed by statute, is applicable.

The general statute (chap. 467, Laws of 1862, as amended by chap. 544, Laws of 1864) prohibiting the selling, or exposing for sale, of adulterated milk does not embrace the offense of bringing of such milk into said city for sale; nor was it intended to cover the whole subject of the traffic in milk.  The said provision of the charter conferred upon the board of health the power to make additional regulations to those contained in the general act.

Accordingly *held*, that a sentence to imprisonment and to pay a fine, within the limits prescribed by said provision of the Revised Statutes, upon a plea of guilty under an indictment containing a count charging the plaintiff in error with bringing adulterated milk into the city of New York for sale, in violation of an ordinance of the sanitary code, was not error.

The ordinance provides that "no milk watered, adulterated," etc., "shall be brought into, held, kept, or offered for sale at any place in the city." The said count proceeded exclusively upon the ordinance, *held*, that it would not justify a conviction under the general statute, and so was not subject to the objection of duplicity, although it contained averments which might sustain a count for the statutory offense ; that such averments might be rejected as surplusage.

As to whether the objection of duplicity is fatal, either on motion in arrest of judgment or on writ of error, *quære*.

(Argued February 15, 1878 ; decided March 19, 1878.)

ERROR to the General Term of the Supreme Court in the first judicial department, affirming a judgment of the Court of General Sessions of the city of New York, entered upon a plea of guilty in an indictment. (Reported below, 11 Hun, 390.)

The character of the indictment, and the facts, are set forth sufficiently in the opinion.

*Hugh Coleman*, for plaintiff in error. When a statute creates an offense and expressly provides a punishment, its provisions must be followed out strictly and expressly. (Whart. Cr. Law, § 10; Colby's Cr. Law, § 2; 1 Black. Com., 88; 1 Kent's Com., 449, 453, 462, 465, 466, 467; 2 Bouv. L. D. [11th ed.], 323; Pain's R., 32; 6 Clancy, 171; *Dingley* v. *Moore*, Cro. Eliz., 750.) The Legislature had no power to grant to the board of health power to make a law creating an offense which would be a misdemeanor and indictable. (*Barto* v. *Himrod*, 8 N. Y., 485–492; State Const., art. 3, § 1; art. 8, §§ 1, 9, 10 ; art. 1, § 1; *Parker* v. *Comm.*, 6 Barr. [Penn.], 507; Bish. on Stat. Crimes, §§ 22, 23.) Where there are no exceptions but an error has been committed in passing sentence contrary to law, the General Term may review the

judgment and sentence. (*Mason* v. *Lord*, 40 N. Y., 476; *Beck* v. *Sheldon*, 48 id., 365; *Root* v. *G. W. R. R.*, 45 id., 524; *Putnam* v. *Hubbell*, 3 Hand, 106.)

*W. P. Prentice*, for defendants in error. The Legislature had power to authorize the board of health to enact sanitary ordinances, and declare any violation of the sanitary code a misdemeanor. (*Met. Board of Health* v. *Huster*, 37 N. Y., 661; *Health Department* v. *Knoll*, Ct. App., Sept., 1877; *People* v. *Justices of Special Sessions*, 7 Hun, 214; *Polinsky* v. *People*, 11 id., 390.) Upon a general verdict of guilty, or upon a plea of guilty of all the counts of an indictment, a general judgment may be given, which will be upheld if applicable to any count in the indictment. (11 Hun, 392 ; *People* v. *Rynders*, 12 Wend., 425; *Lavergan* v. *People*, 39 N. Y., 39; *People* v. *Costello*, 1 Den., 83; *People* v. *Quigg*, 59 N. Y., 89.) An ordinance prohibiting any particular act is not necessarily void because the same or similar acts are made penal by a general law of the State. (Bishop on Stat. Crime, §§ 20, 23; Dillon Mun. Corp., chap. 12, §§ 304, 309, 313; *Polinsky* v. *People*, 11 Hun, 390, 393; *Rogers* v. *Jones*, 1 Wend., 237.)

ANDREWS, J. The indictment contains three counts. The first count charges the defendant with exposing for sale in the city of New York impure and unwholesome milk, adulterated with water, against the form of the statute. The second charges that he kept and offered it for sale in violation of the sanitary code and of the statute. The third charges him with bringing it into the city of New York for sale, in violation of an ordinance of the sanitary code, passed by the board of health of the city February 23, 1876, of which due publication is alleged, and which is set out in the count in full. The plaintiff in error on his arraignment in the Court of General Sessions pleaded guilty to the whole indictment, and the court thereupon sentenced him to imprisonment in the penitentiary of the city of New York for thirty days,

and to pay a fine of $200. The main question presented is as to the validity of the sentence.

By section 1 of chapter 467 of the Laws of 1862, entitled "an act to prevent the adulteration of milk, and prevent the traffic in impure and unwholesome milk," as amended by section 1 of chapter 544 of the Laws of 1864, the knowingly selling or exposing for sale of impure, adulterated or unwholesome milk is made a misdemeanor, punishable by a fine of not less than fifty dollars, and if the fine is not paid, by imprisonment for not less than thirty days in t  penitentiary or county ja , or until the fine shall be paid. Section 4 declares that the addition of water or any substance, other than is sufficient to preserve the milk while in transportation to market, is an adulteration. This statute is of general application throughout the State.

The board of health of the city of New York, February 23, 1876, enacted an ordinance, and made it a part of the sanitary code, as follows : "No milk which has been watered, adulterated, reduced or changed in any respect by the addition of water or other substance, or by the removal of cream, shall be brought into, held, kept or offered for sale at any place in the city of New York, nor shall anyone keep, have, or offer for sale any such milk." The authority to pass sanitary ordinances was conferred on the board of health of the city of New York by chapter 335 of the Laws of 1873, which created the present board. The eighty-second section requires the board to adapt the existing sanitary ordinances to the changes made by the act in the administration of the sanitary affairs of the city, and authorizes and empowers the board to add to the sanitary code, from time to time, additional provisions for the security of life and health in the city, and declares that any violation of the code shall be treated and punished as a misdemeanor, and that the offender shall also be liable to pay a penalty of fifty dollars, to be recovered in a civil action in the name of the mayor, alderman and commonalty of the city.

The third count of the indictment, as appears upon its

face, was drawn distinctly and exclusively with reference to the ordinance cited. The offense charged is precisely within its provisions, viz.: the bringing of adulterated milk into the city of New York for sale, and there offering it for sale. The eighty-second section of the act of 1873 does not prescribe the punishment for a violation of the sanitary code, except as it declares that it shall be punished as a misdemeanor. To ascertain the specific punishment for the offense reference must be had to the general statute (2 R. S., 697, § 40), which enacts, that " every person who shall be convicted of any misdemeanor, the punishment of which is not prescribed in this or some other statute, shall be punished by imprisonment in the county jail not exceeding one year, or by a fine not exceeding $250, or by both such fine and imprisonment." The joinder of several distinct misdemeanors in the same indictment is not a cause for the reversal of the judgment on writ of error when the sentence is single, and is appropriate to either of the counts upon which the conviction was had. (*Kane* v. *People*, 8 Wend., 203 ; *People* v. *Rynders*, 12 id., 425 ; *People* v. *Costello*, 1 Denio, 83; *People* v. *Baker*, 3 Hill, 159; *People* v. *Liscomb*, 60 N. Y., 559.) The court in this case, in awarding judgment, could have proceeded upon the count based upon the statute of 1862, in which case sentence of imprisonment could not be imposed except in the alternative for the non-payment of the fine. But sentence of fine and imprisonment was imposed under the third count for a violation of the ordinance, on the assumption that the offense described thereon was a misdemeanor for which no punishment was prescribed, except by the provision of the Revised Statutes, to which we have referred. If this assumption was well founded there is no legal objection to the sentence and judgment, unless the ordinance was invalid or the count was defective in substance.

That the Legislature in the exercise of its constitutional authority may lawfully confer on boards of health the power to enact sanitary ordinances, having the force of law within

the districts over which their jurisdiction extends, is not an open question. This power has been repeatedly recognized and affirmed. (*Metropolitan Board of Health* v. *Heister*, 37 N. Y., 661; *Health Department* v. *Adam Knoll*, 70 id., 530; *The People ex rel. Cox* v. *The Justices of Sessions*, 7 Hun, 214.) And ordinances designed to prevent the sale of adulterated milk are manifestly within the scope of sanitary regulations.

But it is insisted by the counsel for the defendant that the offense charged in the third count in the indictment is the same offense provided for by the statute of 1862, and that the State having acted upon the subject, and defined the crime and punishment for the offense charged in this count, no greater punishment can be inflicted than is authorized by that statute. If the premise upon which the proposition proceeds is true, the conclusion claimed could not be resisted, for two reasons : First. The punishment provided in the statute of 1862, in the absence of any evidence of intention to exempt the city of New York from the operation of the act, must be regarded as the complete expression of the legislative will as to the extent of the punishment to be awarded for the offense described therein wherever committed ; and, Second. If the board of health could, under its general power to enact sanitary ordinances, pass an ordinance prohibiting the same act which was already prohibited by the statute, and an indictment would lie either for a violation of the ordinance or of the statute, a conviction under the ordinance would be a conviction for an offense, the punishment of which is prescribed by some other statute than the general statute for the punishment of misdemeanors, and the statute of 1862 would govern as to the punishment.

But the difficulty with the argument addressed to us upon the point is, that it proceeds upon a false assumption. The third count charges an offense not embraced in the statute of 1862, but which is embraced in the ordinance, viz. : bringing adulterated milk into the city of New York for sale. The statute relates only to *selling or exposing* impure or adulterated milk for sale. The ordinance may be violated, and the

offense of bringing into the city impure or adulterated milk for sale may be complete, without either selling or exposing it for sale.   Proof of an actual sale, or of an offer to sell, would be cogent evidence of the purpose for which it was brought to the city, but it is not the only competent, nor indeed would it ordinarily be the only available proof to establish the intent. The question comes to this, was the act of 1862 intended to cover the whole subject of the traffic in adulterated milk, and did the Legislature intend to ·define by the act the only offenses connected with the subject, which were the appropriate subjects of legislation ?   The Legislature could have made additional provisions to meet the devices resorted to,. to defraud and injure the public in the traffic in milk, and to prevent an evasion of the law ; and, when in 1873, long after the passage of the law of 1862, it conferred upon the board of health general power to enact sanitary ordinances ; we think it conferred the power to make additional regulations to those contained in the statute of 1862, for the more complete protection of the people of New York against the introduction of impure and adulterated milk into the city.   ·

It is urged that it is incongruous that while, under the statute, a person who sells impure milk can be punished by fine only, he can, under the ordinance for bringing it into the city for sale, although no sale is made, be both fined and imprisoned.   The inequality in the punishment in the two cases, if conceded, does not affect the question here considered.   We have only to determine whether the Legislature has conferred upon the board of health the power to pass the ordinance.   But it may well be, that if the Legislature was dealing directly with the subject, it might be considered that the offense of bringing impure milk into the city for sale, by producers or large dealers, deserved severer punishment than the sale of it by the small dealers, to whom they furnished it.

It remains to consider the objection of duplicity in the third count.   It is urged that it unites the offense of bringing impure milk into the city for sale with the charge

of offering it for sale ; the one being a violation of the ordinance, and the other a violation of the statute — offenses requiring different punishments. There is some question whether the objection of duplicity is fatal, either on motion in arrest of judgment or on writ of error. In *The People* v. *Wright* (9 Wend., 196), this is one of the grounds upon which the judgment in that case was arrested ; but the point whether duplicity was a good ground for arresting the judgment was not particularly considered ; and the consideration of it was not, perhaps, necessary to the disposition of the case, as all the counts were held to be defective in substance. In *Dawson* v. *The People* (25 N. Y., 399), SELDEN, J. remarks, that the objection of duplicity is probably fatal in arrest of judgment, or on writ of error. The general current of authority, and the expressions of text writers, are the other way. (*Commonwealth* v. *Tuck*, 20 Pick., 356; Wharton's Crim. Law, § 395, and cases cited ; Bishop's Crim. Pro., § 443.) But it is not necessary to decide this point, for we are of opinion that the objection of duplicity is not well taken. The third count purports to proceed exclusively upon the ordinance, and would not justify a conviction under the statute, although it contains averments which might sustain a count for the statutory offense. The allegation of the offering of the milk for sale may be rejected as surplusage, leaving the conviction to stand upon the charge of bringing it into the city for sale.

We think the conviction should be affirmed.

CHURCH, Ch. J., FOLGER and EARL, JJ., concur ; ALLEN and RAPALLO, JJ., dissent ; MILLER, J., did not vote.

Judgment affirmed.