WILLIAM CRONIN, PLAINTIFF IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Charter of Albany — 1870, chapter 77 — the common council may prohibit the slaughtering of animals in certain portions of the city.*

By the charter of the city of Albany the common council were authorized "to regulate the erection, use and continuance of slaughter-houses," and to make ordinances in relation "to operations or occupations noxious to health or comfort," and "for carrying into effect and enforcing any of the powers, privileges and rights at any time granted and bestowed upon or possessed by the said corporation."

*Held,* that the common council had power to pass an ordinance prohibiting the slaughtering of animals within certain described portions of the city.

CERTIORARI to the Court of Sessions of Albany county to review its decision overruling a demurrer to an indictment.

The plaintiff in error was indicted at the September Court of Sessions of the county of Albany, and arraigned for the violation of an ordinance of the city of Albany passed by its common council.

The defendant demurred to the indictment, that the facts alleged were not sufficient in law, etc., to which a joinder was interposed by the People and the demurrer was overruled by that court.

A *certiorari* was then granted by Mr. Justice INGALLS, and upon it the proceedings of the Court of Sessions were brought here for review.

The ordinance claimed to have been violated is as follows :

" § 21. It shall not be lawful for any person, without permission from the common council, to slaughter cattle, sheep, or swine in any building now erected or hereafter to be erected, or otherwise, within the territory hereinafter described; nor shall it be lawful for any person, without such consent, to conduct or carry on any business or occupation within said territory, which shall be noxious to health or comfort ; nor shall it be lawful for any person, without such permission to pollute, or suffer or cause to be polluted within said territory, any running stream of water with blood or offal, or other deleterious or offensive matter, from cattle, sheep or swine ; nor to permit or suffer any such matter to remain within or upon said territory or any portion thereof, whereby the comfort or health of others may be or shall be affected. Any person who shall violate any of the provisions of this section shall incur a penalty of one hundred dollars for each offence, to be recovered by civil action in the name of the city of Albany, or by a prosecution before a magistrate as for a criminal offence, as provided by law."

. It then describes the district within which the slaughtering of animals was forbidden.

The plaintiff in error claimed that the common council had no power to pass the ordinance in question.

*N. P. Hinman*, for the plaintiff in error.

*L. Hotaling*, district-attorney, and *A. J. Colvin*, for the People.

BOARDMAN, J. :

The practice adopted in reviewing by *certiorari* the decision of an inferior court, upon a demurrer to an indictment, has not been discussed by counsel, and will not, therefore, be considered by this court.

The common council of the city of Albany passed an ordinance prohibiting the slaughtering of animals within certain described portions of said city. The defendant is charged with the violation of said ordinance by indictment. The violation of such an ordinance is made by statute a misdemeanor. (Laws of 1871,

chap. 536, vol. 1, p. 1144.) The sufficiency of such indictment was demurred to, and the demurrer overruled. That decision is now brought here for review.

The sole question for review is the power of the common council to enact the ordinance charged to have been violated by defendant.

By the act of 1842, chap. 275 (pp. 342, 343, 344), the old charter rights of the city of Albany, not theretofore surrendered, were reserved. (See also Const., art. 1, § 18.) Among the powers therein granted were the following : The common council of the city of Albany shall have full power and authority to make laws, ordinances and constitutions in writing, for the good rule, oversight, correction and government of said city, and liberties of the same, and of the several tradesmen, victuallers, artificers, and of all other people and inhabitants of the city, liberties and precincts aforesaid. (Dongan Charter in Laws, etc., of Albany, p. 10, § 13.)

This provision, if still in force, as is believed, would seem of itself sufficient authority for enacting the ordinance now under consideration. The authority is broad and ample.

By section 12, subdivision 14 of the Laws of 1870, ch. 77 (pp. 168, 169), the charter of the city, as there amended, gave the common council power "to regulate the erection, use and continuance of slaughter-houses." It had power also, by subdivision 22, to make ordinances. "In relation * * * to operations or occupations, noxious to health or comfort," and by subdivision 34, "for carrying into effect and enforcing any of the powers, privileges and rights at any time granted and bestowed upon or possessed by the said corporation."

No doubt the Legislature had the right to give the common council power to pass this ordinance. It seems equally clear that it has given it such power. If the city may regulate the continuance of a slaughter-house within its limits, it must have the lesser power of prohibiting the slaughter of cattle therein. To regulate in the sense, in which it is here used, must mean to restrain; to prescribe rules, subject to which slaughter-houses may be erected, used and maintained in said city. The business itself is not unlawful, but surrounding circumstances may make it highly improper that it should be conducted in certain localities. Such would be the general opinion of mankind. In such cases the

right of the individual must or ought to yield to the public welfare. Coercive measures in such cases have been repeatedly held valid. (*Polinsky* v. *People*, 73 N. Y., 65; *Metrop. Board of Health* v. *Heister*, 37 id., 661, 668.)

The evil attempted to be remedied is not essentially different from those considered in the cases cited. It is a different, perhaps more extreme, exercise of power. Its wisdom is not for our consideration. If the power existed the ordinance is valid. We are quite clear the city, under its charter, had the power to pass the ordinance in question, and that it violates no constitutional right of defendant.

Entertaining these views, we think the decision upon the demurrer was correct and should be affirmed, and the proceedings should be remitted to the Albany Court of Sessions for such further action therein as may be proper.

LEARNED, P. J., and BOCKES, J., concurred.

Order affirmed and proceedings remitted to Albany Court of Sessions for further action.