NAPOLEON B. FORD; Appellant, *v.* THE NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Respondent.

*City of Auburn — charge by the sealer of weights and measures for unsolicited· serv-
ices — an ordinance allowing such charge is not authorized by its charter — power
of the Legislature in this respect — delegation of such power to municipalities.*

In view of the past policy of the State of New York, as manifested by the
uniform ·course of legislation, that sealers of weights and measures shall
·not charge fees for unsolicited services, subdivision 36 of section 33 of the
.charter of the city of Auburn (Chap. 53 of the Laws of 1879, and the acts
amendatory thereof and supplemental thereto), authorizing the common
council of that city "to define the duties of the sealer of weights and measures
and to regulate his compensation," will not be construed as conferring power
upon that body to pass an ordinance by which "the sealer of weights and
measures shall be entitled to demand and receive from the person or persons
for·whom services are performed" certain specified fees.

*It seems,* that the Legislature, in the absence of constitutional restrictions, may
authorize a recovery of fees for unsolicited services, which are necessary
for the public welfare, from the person for whom they are rendered. It may
delegate such legislative power to municipalities, whose ordinances, passed in
compliance therewith, have the force of statutes, provided they be reasonable
and not oppressive to trade or commerce. For services rendered in the com-
pulsory inspection of weights and measures, the Legislature may create·an
indebtedness on the. part of the person for whom they are rendered.

APPEAL by the plaintiff, Napoleon B. Ford, from a judgment of
the County Court of Cayuga ·county in favor of the defendant,
entered in the office of the clerk of the county of Cayuga on the
24th day of August, 1897, reversing a judgment of the City Court
of the city of Auburn, in favor of the plaintiff.

*Frank S. Coburn,* for the appellant.

*Albert H. Harris,* for the respondent.

FOLLETT, J. :

This action was·begun June 18, 1896, in the City Court of the
city of Auburn, to recover fees alleged to have been earned by the
plaintiff, a sealer of weights and measures, for inspecting·and sealing
the scales and weights of the defendant, June 2, 1896, at the city
of Auburn. The answer contains a general denial of all the mate-
rial allegations in the complaint, except it is admitted that the plain-

tiff demanded of the defendant payment of his fees, which was refused. The evidence shows that June 2, 1896, the plaintiff, without being requested by the defendant, inspected and sealed the scales and weights used by it for weighing baggage, freight and freight cars, the fees for which, as established by an ordinance of the common council of the city of Auburn, amounted to one dollar and fifty cents. On the trial in the City Court, the plaintiff recovered a judgment for one dollar and fifty cents damages and one dollar and fifty cents costs, which, on appeal to the County Court, was reversed, with thirty-two dollars and eighty-seven cents costs.

Five questions are presented on this reargument:

1. Had the Legislature power to authorize, by the charter granted to the city, the common council thereof to adopt the 63d, 66th, 68th and 69th ordinances?

2. Is power conferred by sections 30, 33, 36 and 49 of the city charter, or any other sections thereof, upon the common council of the city to adopt the 63d, 66th, 68th and 69th ordinances, compelling persons and corporations to pay for the unsolicited services of the sealer of weights and measures?

3. Has the common council of the city of Auburn power to prescribe the duties and fees of a sealer of weights and measures?

4. Is the defendant within the meaning of the 63d ordinance of the city of Auburn?

5. Had the City Court jurisdiction of the subject-matter of the action?

The city of Auburn is a municipal corporation existing under chapter 53 of the Laws of 1879, and the acts amendatory thereof and supplementary thereto. The following are the sections of the city charter and ordinances relating to the questions involved in this action:

The 29th section provides that the common council shall appoint one or more sealers of weights and measures, who shall hold office for two years and until their successors are appointed and qualify, unless sooner removed by the common council.

"§ 30. The common council shall prescribe the duties and fix the compensation, when not otherwise provided, of each of the officers appointed under this act. * * *" (As amended by chapter 199 of the Laws of 1889.)

" § 33. The common council may make, continue, modify and repeal such ordinances as may be necessary to carry into full effect any and all of the powers conferred upon said corporation by this act. * * * Ordinances may be made as aforesaid for the following purposes, namely : * * *

" 36. To define the duties of the sealer of weights and measures, and to regulate his compensation.

" 52. And such other and further ordinances not inconsistent with the laws of the State, as shall be deemed expedient for the good government of the city, the protection of its property, the safety of its citizens, the preservation of peace and good order; the suppression of vice, the benefit of trade, the preservation and protection of the public streets, the preservation of the public health, the prevention and extinguishment of fires and the exercise of its corporate powers and performance of its corporate duties." (As amended by chap. 536 of the Laws of 1895.)

" § 49. The sealer of weights and measures shall perform such duties and receive such fees as are or may be provided by law. He shall be inspector of oils, and receive such fees for inspecting oils as the common council may fix by ordinance to be paid by the parties whose oil shall be inspected."

" CITY ORDINANCES.

" *Title IV. Duties of sealer weights and measures and the prevention of fraud.*

" § 63. The sealer of weights and measures shall once in each year, between April first and July first, and at other times, if required by the mayor, inspect and examine all weights, measures, scale beams, steel yards and weighing apparatus used by any dealer, measurer or public weigher, and seal and mark the same, if found correct ; and if found incorrect, the same shall be destroyed, unless the sealer of weights and measures shall be of the opinion that it is capable of being made correct, when, if the person in whose place of business the same was found shall desire him to correct it, and shall tender to such sealer of weights and measures the cost of so correcting it and the fee for inspecting and examining the same, such sealer of weights and measures shall correct, seal and mark the same, and restore it to the person from whom it was taken."

"§ 66. The sealer of weights and measures shall be entitled to demand and receive from the person or persons for whom services are performed the following fees, viz. : For sealing and marking every beam, ten cents; for sealing or marking measures of extension, at the rate of ten cents per yard, not to exceed fifty cents of any one measure; for sealing and marking every weight, five cents; for sealing and marking each liquid or dry measure, five cents ; for inspecting refined petroleum or kerosene oils, one-half cent per gallon.

"§ 68. Every person engaged in the trade of buying and selling, or as a public weigher, who shall use, or permit to be used for him, any weight, measure or balance, of whatever description, unless such weight, measure or balance shall have been duly sealed and marked by the sealer of weights and measures within one year previous, shall, upon conviction thereof, be fined not less than five nor more than twenty dollars, or be imprisoned in the common jail of the county of Cayuga not more than ten days."

"§ 69. Every person who shall knowingly sell any property, by weight or measure, for a greater quantity than is actually delivered to the purchaser thereof, or who shall make any false statement as to the weight, measure or quantity of such property, shall, upon conviction thereof, be fined not less than five dollars nor more than fifty dollars, or be imprisoned in the common jail of the county of Cayuga not less than five days nor more than fifty days."

The Legislature, in the absence of constitutional restrictions, may authorize persons to render for others unsolicited services which are necessary for the public welfare, fix the fees or compensation for such services, and authorize the recovery of such fees or compensation from the person for whom the services were rendered. (*Stilwell* y. *Raynor*, 1 Daly, 47; *Steamship Company* v. *Joliffe*, 1 Wall. 450 ; *Ex parte McNiel,* 13 id. 236; *Cincinnati Gas Light & Coke Co.* v. *The State,* 18 Ohio St. 237.)

Section 8 of article 5 of the Constitution of this State authorizes the Legislature to enact statutes to compel the use of correct weights and measures by persons dealing with the public, and there is no restriction in the Constitution upon the power of the Legislature to compel persons to pay for reasonable and necessary unsolicited services rendered to carry into effect such statutes, and so I conclude the Legislature of this State may prescribe the duties of

persons appointed to enforce such statutes, fix their fees therefor, and authorize them to recover such fees from persons for whom unsolicited services are rendered, pursuant to statutes.

Can this power be delegated to municipal corporations?

It is well settled that certain local legislative power may be delegated to municipalities. For example, to pass ordinances to promote the public health and safety, to preserve the public peace, and reasonably to regulate trade within their boundaries. (*People ex rel. Cox* v. *Special Sessions,* 7 Hun, 214; *Clarke* v. *City of Rochester,* 28 N. Y. 605; *Matter of Gilbert Elevated Ry. Co.,* 70 id. 361; *Polinsky* v. *People,* 11 Hun, 390; affd., 73 N. Y. 65; *Mayor* v. *Ryan,* 2 E. D. Smith, 368; *State* v. *Hayes,* 61 N. H. 264; Cooley Const. Lim. 191; Dillon Mun. Corp. [4th ed.] § 308; 1 Beach Pub. Corp. § 59; 6 Am. & Eng. Ency. of Law [2d ed.], 1021, 1027; Sedg. Stat. Const. L. [2d ed.] 135, 395.)

When power is conferred upon municipalities to pass local ordinances, and they are legally adopted, they have the force of statutes. (*Presbyterian Church* v. *City of New York,* 5 Cow. 538; *Jones* v. *The Firemen's Fund Insurance Company,* 2 Daly, 307; *McDermott* v. *Board of Police,* 25 Barb. 635; *Stokes* v. *The Corporation of New York,* 14 Wend. 87; *Polinsky* v. *People,* 11 Hun, 390; affd., 73 N. Y. 65; *Village of Ballston Spa* v. *Markham,* 58 Hun, 238; 1 Dillon Mun. Corp. [4th ed.] § 308; 1 Beach Pub. Corp. § 487 *et seq.*) This general rule is, however, subject to the limitation that the ordinances must be reasonable and not oppressive to trade and commerce. (*Ford* v. *The Standard Oil Co.,* 32 App. Div. 596, and authorities there cited.)

Under the authorities I think the Legislature may delegate power to a municipal corporation reasonably to regulate by ordinance the compulsory inspection of weights and measures, fix reasonable fees therefor, and provide that such fees shall be a debt, though the services were unsolicited, payable by the person for whom the inspection is made to the inspector. This power would seem to be but an incident to the general power to establish a reasonable system of compulsory inspection and provide reasonable penalties, which power, it has been held, may be delegated. (*People ex rel. Gould* v. *City of Rochester,* 45 Hun, 102.)

Has the Legislature delegated to the common council of the city.

of Auburn power to provide by ordinance that the fees of the sealer
of weights and measures shall be payable by the person for whom
unsolicited inspection is made?   The 49th section provides:

"§ 49. The sealer of weights and measures shall perform such
duties and receive such fees as are, or may be, provided by law. He
shall be inspector of oils and shall receive such fees for inspecting
oils as the common council may fix by ordinance to be paid by the
parties whose oil shall be inspected."

It will be observed that the last sentence of this section delegates
to the common council the power to fix the fees for inspecting oil,
but does not delegate to that body the power to provide that the
parties whose oil is inspected shall pay such fees, as it is expressly
enacted by the Legislature that the owners of the oil shall pay
the fees.   An express provision in respect to who shall pay for
the inspection of oils being found in the section, the absence of a
like provision in respect to who shall pay for the sealing of weights
and measures certainly does not evince an intention on the part of
the Legislature to require persons whose weights and measures are
inspected to pay the fees therefor, or an intention to delegate to the
common council power to require such persons to pay for unsolic-
ited inspection.   It is urged that it being provided that "the sealer
of weights and measures shall perform such duties and receive such
fees as are or may be provided by law," he is limited to the perform-
ance of such duties as are prescribed by legislative enactment, and
that there being no legislative enactment authorizing the sealer of
weights and measures of the city of Auburn to render unsolicited
services and charge fees therefor, the plaintiff had no authority to
perform these services and receive compensation therefor.   Undoubt-
edly the primary meaning of the term "provided by law" is pro-
vided by legislative enactment.   But by the 36th subdivision of the
33d section of the charter, power is conferred upon the common
council to pass ordinances "to define the duties of the sealer of
weights and measures and to regulate his compensation."   In case
the 49th section is construed to mean that the duties and fees of the
sealer of weights and measures must be prescribed by legislative
enactment, the 36th subdivision of the 33d section and the 49th
section are not harmonious.   These provisions relate to the same
subject-matter and are to be construed together, and so construing

them I think power is conferred by the charter upon the common council to prescribe the duties and fix the fees or regulate the compensation of the sealer of weights and measures; but this does not reach the question. Is power delegated to the common council to prescribe by ordinance that persons whose weights and measures are inspected and found correct must pay for the unsolicited services of the sealer? No such power is conferred by any general statute, or by the charter, and I think such power ought not to be implied in face of the fact that under the general statutes of this State the policy of this State has, since the Constitution of 1846, been to abolish all inspection fees payable by the owners of property inspected. (Const. art. 5, § 8.) From the earliest times to the present the general statutes of this State have never provided that persons whose weights and measures are inspected without the request of the owner, and found to be correct, should pay the fees for inspection.

The first act regulating weights and measures was passed by the General Assembly of the Colony of New York June 19, 1703, being chapter 138 of the laws of that year. (1 Liv. & Smith Col. L. 57; 1 Van Schaack Col. L. 57; 1 Col. Laws N. Y. 554.) This act provided that sealers of weights and measures should be appointed for the various cities and counties of the State, and by the 4th section that they should " take for their pains in sealing and marking all such beams, weights, measures and yards as shall from time to time for that purpose *be brought to them,*" certain fees, payable by the person asking for such service. April 10, 1784, the Legislature of this State passed an act (Chap. 25) regulating weights and measures. (1 J. & V. 110; 1 Republished Laws New York, 625.) By the 3d section of this act it was provided that sealers of weights and measures should be appointed throughout the State, and that " every such sworn public sealer and marker of weights, seals and measures shall be entitled to receive for his pains in sealing and marking all such beams and measures as shall from time to time for that purpose *be brought to him* at the rate of nine-pence, and for every weight and every small liquid measure one penny and no more." This act was continued in force by the Revised Laws of 1801. (1 Kent & Rad. Rev. Laws, 38.) March 19, 1813, the previous statutes in respect to weights and measures were revised (1 R. L. [1813] 376), and it was provided by the 8th section " that

each of the sealers of weights and measures within this State shall be entitled to receive for his services, in sealing and marking measures and beams, *which shall from time to time be brought to him for that purpose,* twelve and an half cents, and for every weight and every small liquid measure three cents, over and above a reasonable compensation for making them conform to the standard established by this act." This act remained unchanged until the Revised Statutes were adopted, when the statutes in respect to weights and measures were again revised by title 2 of chapter 19 of part 1 of the Revised Statutes. (1 R. S. 606.) Under the Revised Statutes a State sealer, county sealers and town sealers were provided for. By the 27th section it was provided that such sealers "shall compare all weights and measures, *which shall be brought to them for that purpose,* with the above-mentioned copies of such standards in their possession." The 28th section fixed the rate of fees for sealing weights and measures brought to the sealers for inspection. By chapter 134 of the Laws of 1851 the statutes in relation to weights and measures were again revised, and title 2 of chapter 19 of part 1 of the Revised Statutes repealed. By the 22d section of that act it was provided that a town sealer of weights and measures should be appointed, and by the 23d section it was made his duty to see that weights and measures, "*which shall be brought to him for that purpose,* agree with those standards in his possession." By the 27th section a scale of fees for such services as he might be asked to perform was fixed. This statute remained the law of this State until it was repealed and superseded by the Domestic Commerce Law (Chap. 376 of the Laws of 1896), which took effect October first of that year, subsequently to the service performed by the plaintiff in this action. By the 14th section of this act it was made the duty of the town sealer to "keep the town standards and see that the weights, measures and all apparatus used in the town, *which are brought to him* for that purpose, conform to the town standards." The same duties are imposed by the 15th section upon city sealers. By all of these acts, from the first to the last, penalties were provided for using false weights and measures by persons engaged in buying and selling articles of commerce, which were to be enforced by appropriate proceedings. But in none of the acts

was it provided that a sealer of weights and measures might go about his town, city or county, and, unsolicited, seal the weights and measures of persons within his jurisdiction and collect fees therefor.

The policy of this State, as manifested by the uniform course of legislation for nearly 200 years, is that sealers of weights and measures shall not charge fees for unsolicited services, and though the Legislature has power to provide that sealers may recover for unsolicited services, or to delegate power to municipalities so to provide, we ought not to infer that such power has been delegated to a municipality in the absence of an express statutory provision. The rule for ascertaining whether powers have been delegated by the Legislature to municipal corporations is well stated in the 89th section of the 4th edition of Dillon's Municipal Corporations :

"§ 89. **Extent of Power ; Limitations ; Canons of Construction.**— It is a general and undisputed proposition of law that *a municipal corporation possesses and can exercise the following powers, and no others :* First, those granted in *express words* ; second, those *necessarily or fairly implied* in or *incident* to the powers expressly granted ; third, those *essential* to the declared objects and purposes of the corporation — not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied."

The view taken of the questions discussed renders it unnecessary to consider the other points argued.

The judgment of the County Court should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.