·(62 App. Div. 535.)

## FAUSNAUGH v. ROGERS.

(Supreme Court, Appellate Division, Third Department.    June 28, 1901.)

WEIGHTS AND MEASURES—SEALER—COMPENSATION.

> Laws 1894, c. 165, § 39, provides that a city sealer of weights and measures shall be appointed, and, when directed by the mayor, he shall inspect weights and measures, and possess like powers as sealers of the several towns; and Laws 1896, c. 376, declares that the town sealer shall see that weights and measures used in the town which are brought to him for that purpose conform to the standards, and seal the same, and receive a fee therefor.    Held, that where a city sealer was directed to seal defendant's weights and measures by the mayor, and did so against defendant's will, defendant was not liable for his fees therefor.

Appeal from Chemung county court.

Action by John Fausnaugh against George H. Rogers.    From a judgment of the county court affirming a judgment of the city court of Elmira in favor of plaintiff, defendant appeals.    Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

J. John Hassett, for appellant.
Herbert M. Lovell, for respondent.

KELLOGG, J. An agreed statement of facts was presented to the city court of Elmira, and a decision taken thereon, which was affirmed by the county court. In substance, the facts agreed upon are that plaintiff is city sealer of Elmira; that the mayor of the city directed him to examine weights, measures, scale beams, measures of extension, and weighing apparatus in the city which are used for the public; that, pursuant to such direction, the plaintiff visited the defendant's store in the city, and, against the consent and protest of defendant, examined the weights and measures used by defendant in his business as grocer; and the fees therefor, as prescribed by the domestic commerce law, were $1.45. The fees defendant refused to pay, and the question presented on this appeal is, does the law require him to pay them?

It is conceded that the city charter is silent on that subject. The charter (Laws 1894, c. 615, § 39), however, provides for the appointment of a sealer, and provides that he "when directed by the mayor shall, as such sealer, inspect and examine such weights, measures, scale beams, measures of extension and weighing apparatus, and shall at such times possess the like powers and be subject to the like obligations as the sealers of the several towns of this state." The law governing the "sealers of the several towns of this state" is this provision in the domestic commerce law (chapter 376, Laws 1896):

"There shall be a town sealer of weights and measures in each town, to be appointed by the town board and hold office during its pleasure. He shall take charge of and safely keep the town standards and see that the weights, measures and all apparatus used in the town which are brought to him for that purpose conform to the town standards." "Whenever the sealer of a city, county or town compares weights and measures and finds that they correspond, or causes them to correspond with the standards in his possession, he shall seal and mark such weights and measures with the appropriate devices. Each sealer shall receive for his services the following fees: [These fees are fixed at a certain sum for sealing each weight or measure]."

It seems to be clear that the sealer of a city or town is entitled to the fee here fixed for every authorized examination. That he is entitled to collect such fee from the owner of the weight or measure "which is brought to him," or which he examines at the instance of the owner, is also clear. But it does not follow that he may collect the fee from the owner of the weights and measures examined where the examination is made without the owner's consent. In the one case, he does a service to the owner at his request; in the other, he does a public service at the request of some superior public officer. There have been penal laws against the use of false weights and measures for a long time existing in this state, but there has never been a law in this state making it penal to use weights and measures not inspected by the sealer. There is no duty imposed upon the owner or user of weights and measures to have them examined by the sealer. To protect himself against a charge for willfully violating the law against the use of false weights and measures he may, as often as he chooses to pay the fee, have his weights and measures compared with the standards provided by the town or city; but there is in this nothing compulsory, either in the

letter of the law or its spirit. The law in this regard makes it compulsory upon the sealer, on being paid his fee therefor, to examine and mark with appropriate devices all weights and measures "which are brought to him for that purpose." Whenever the sealer is used by the public authorities to detect crime, or to discover whether the citizen is amenable to a criminal charge for using false weights and measures, or for the purpose of insuring the public against fraud and deception by such use, it is the public which is served, and the sealer then becomes a servant of the public, and there would seem to be no good reason, in the absence of any statute to the contrary, why the fee should not be paid by the city or town which causes the examination to be made. This is in strict analogy with the law governing the payment for services by fees in other cases, whether to a justice of the peace, a constable, sheriff, or county clerk. The questions raised upon this appeal seem to have been decided adversely to the contention of the plaintiff in the Fourth department of this court. Ford v. Railroad Co., 33 App. Div. 474, 53 N. Y. Supp. 764. That case was supported in its facts and law, in addition to all that plaintiff invokes here, by the ordinances of the city of Auburn compelling persons and corporations to pay for the unsolicited services of the sealer of weights and measures, and, after giving a history of the laws on that subject from the earliest times in this state, Justice Follett says:

"The policy of this state, as manifested by the uniform course of legislation for nearly two hundred years, is that sealers of weights and measures shall not charge fees for unsolicited services; and though the legislature has power to provide that sealers may recover for unsolicited services, or delegate power to municipalities so to provide, we ought not to infer that such power has been delegated to a municipality, in the absence of an express statutory provision." .

In this we fully concur. No such power has been expressly or inferentially delegated to the municipality of Elmira or to the mayor of that city. The power delegated to the mayor is not a power to compel payment by the user of weights and measures for the unsolicited examination by the sealer. If the services must be paid for, the sealer must look to the authority which solicited or directed the service.

This conclusion requires that the judgment of the county court and of the city court be reversed, with costs in all the courts. All concur.