In the Matter of ADOLPH MANDEL, Appellant, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

(Argued November 20, 1928; decided December 31, 1928.)

*Edward Goodell* and *S. Goodelman* for appellant. The application and construction of section 240 of the Public Health Law in the instant case effects a delegation of

legislative power to the Board of Regents in violation of section 1 of article 3 of the State Constitution. (*People* v. *Sisson*, 222 N. Y. 387; *United States* v. *11,150 Pounds of Butter*, 195 Fed. Rep. 657; *Matter of Lyman*, 160 N. Y. 96; *Matter of Richardson*, 247 N. Y. 401; *Czarra* v. *Board of Medical Supervisors*, 25 App. Cas. [D. C.] 443; *Green* v. *Blanchard*, 138 Ark. 137; *Hewitt* v. *State Board of Medical Examiners*, 148 Cal. 590; *Matthews* v. *Murphy*, 23 Ky. L. Rep. 750.) The Legislature having expressly provided specific penalties for the act complained of, the Board of Regents has no power to add another penalty, and in so doing has encroached upon the functions of the Legislature. (*Moorehouse* v. *Hammond*, 60 Utah, 593; *United States* v. *11,150 Pounds of Butter*, 195 Fed. Rep. 657; *Curtiss* v. *Leavitt*, 17 Barb. 309.)

*Ernest E. Cole* and *George V. Fleckenstein* for respondent. The power conferred by statute upon the Board of Regents of the University to revoke a license issued by said Board under article 51 of the Education Law on the ground that the holder thereof is " unfit or incompetent from negligence, habits or other cause " is within the constitutional power of the Legislature to grant. (*Reetz* v. *Michigan*, 188 U. S. 505; *Hawker* v. *New York*, 170 U. S. 189; *Dent* v. *West Virginia*, 129 U. S. 114; *Matter of Lockwood*, 154 U. S. 116; *People* v. *Fulda*, 52 Hun, 65; *Meffert* v. *Packer*, 66 Kan. 710; *Matter of Goldstein*, 220 App. Div. 107; *Matter of Percy*, 36 N. Y. 651; *State* v. *Medical Examining Board*, 32 Minn. 324; *Thompson* v. *Hazen*, 25 Me. 104; *State* v. *Hathaway*, 115 Mo. 36.)

LEHMAN, J. In June, 1925, the petitioner procured a license to practice pharmacy as a " junior pharmacist." He presented satisfactory proof of his qualifications for that license. Before he could obtain a license to practice as a " pharmacist," satisfactory proof of additional qualifications was required. (Public Health Law, section 233, now Education Law [Cons. Laws, ch. 16], section

1353.) In order to obtain that license the defendant sought to manufacture evidence of qualifications he did not in fact possess. Upon proof of the attempted fraud, and after notice to the defendant and a hearing before the State Board of Pharmacy, the petitioner's license as a junior pharmacist was revoked.

To obtain a license to practice pharmacy, an applicant must show good moral character as well as adequate instruction and experience. So the Legislature has decreed for the protection of the public. That protection is inadequate if after the license has been obtained it becomes apparent that the holder is unfit or incompetent. Therefore, the Legislature has provided also that " any license or certificate obtained by misrepresentation or fraud or that is held by any one unfit or incompetent from negligence, habits or other cause may be revoked after reasonable notice and an opportunity to be heard." (Public Health Law, section 240, now Education Law, section 1362.)

The Legislature has vested in an administrative board power to determine the fitness and competency of those who desire to practice pharmacy in this State, both before and after a license has been granted. The Board has revoked the license of the petitioner as " junior pharmacist," not because that license was obtained by fraud, but because it has found that the petitioner was " guilty of fraud in endeavoring to procure a pharmacist license, and consequently was and is unfit to practise the profession of pharmacy under any form of license."

The Legislature has not attempted to define the causes which may produce unfitness or incompetency sufficient to justify revocation of a license, nor the acts which shall be regarded as sufficient evidence of such unfitness or incompetency. The statute is enacted for the protection of the public against the dangers that might arise from the practice of pharmacy by the unfit and incompetent. It is the lack of fitness or competency in a practitioner

which creates the danger, regardless of how such lack may have arisen or how it has been demonstrated. Negligence or bad habits may usually be at its root; "other cause" may give rise to it. The Legislature has in terms declared that the Board shall look to the result, not the cause, as ground for revocation of a license. Narrower construction of the statute would unreasonably limit its language and in part defeat its purpose.

It is said that under that construction the Legislature has attempted to delegate to an administrative board the unrestricted power to define offenses to which the penalty of the revocation of a license shall attach, and that such power is a legislative function which may not be delegated. (*Czarra* v. *Board of Medical Supervisors*, 25 Appeal Cases [D. C.], 443; *Hewitt* v. *State Board*, 148 Cal. 590.) Unquestionably the definition of offenses and the prescription of punishment for such offenses is a legislative power. (*U. S.* v. *Eaton*, 144 U. S. 677.) The power vested in the administrative board and exercised by it in this case has a different scope.

Denial or revocation of a license because of guilt of an offense which tends to show moral or intellectual unfitness does not constitute punishment for the offense. (*Hawker* v. *New York*, 170 U. S. 189.) It is only a measure of protection of the public. Decisions of the Supreme Court of the United States leave "no doubt * * * that the conferring of discretionary power upon administrative boards to grant or withhold permission to carry on a trade or business which is the proper subject of regulation within the police power of the State is not violative of rights secured by the Fourteenth Amendment." (*People ex rel. Lieberman* v. *Van De Carr*, 199 U. S. 552, affg. 175 N. Y. 440.) In that case the statute, which the courts held valid, gave to the Board of Health power to grant, withhold or revoke a permit to sell milk. No limitation was in terms placed upon the exercise of such power. Impliedly the power was subject to the limitation that it

might not be exercised arbitrarily. " There is no presumption that the power will be arbitrarily exercised."

Unquestionably the practice of pharmacy is subject to regulation by the State; unquestionably for centuries legislative bodies have been accustomed to empower administrative boards or officers to select the persons who shall be permitted to practice a vocation which is subject to regulation by the State. The selection may not be arbitrary. Grant or revocation of a license must rest upon reasonable grounds, but exercise of discretion in connection with an act performed customarily by administrative officers does not change an administrative act into a legislative act. A statute which empowers an administrative officer in the exercise of a reasonable discretion to withhold a license from such persons as he may find unsuitable and in the exercise of a similar discretion to revoke a license already granted to a person who may be unfit, does not constitute delegation of a legislative power. (*People ex rel. Lieberman* v. *Van De Carr, supra.*)

We find no logical basis for distinction between such statutes and the statute now under consideration. Perhaps the Legislature might have conferred upon the Regents a power to revoke the license without any limitation upon the exercise of that power except the implied limitation that they shall not exercise the power arbitrarily. Here the Legislature has not attempted to confer power without express restriction. It has determined that only unfitness or incompetence shall be ground for revocation of a license which has been obtained without fraud or misrepresentation. The Board of Regents may act upon no other ground. Specific acts of wrong may, as here, permit the inference that a person is unfit or incompetent. The Regents may give to such acts their logical probative force. They may in proper case find that such acts have caused or demonstrated unfitness.

They may not, under the express terms of the statute, give to specific acts of wrong other effect. They may not either define or punish an offense; they may only protect the public against demonstrated unfitness or incompetency arising from any cause. That power the Legislature might vest in an administrative board or officer. (*State ex rel. Chapman* v. *State Board of Medical Examiners,* 34 Minn. 387; *Meffert* v. *State Medical Board,* 66 Kan. 710; *State ex rel. McAnally* v. *Goodier,* 195 Mo. 551; *People ex rel. State Bd. of Health* v. *Apfelbaum,* 251 Ill. 18.)

The order should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed.