The People of the State of New York, Respondent, *v.* John Grant, Appellant.

Third Department, November 2, 1934.

*William A. Dicker,* for the appellant.

*Arthur G. Adams, District Attorney,* for the respondent.

Bliss, J.   The defendant appeals from a judgment of the County Court of Tompkins county convicting him of a misdemeanor for selling beer to a minor under sixteen years of age in violation of rule 6 of the State Alcoholic Beverage Control Board.

The alleged offense was committed on March 11, 1934, at which time chapter 180 of the Laws of 1933, known as the Alcoholic Beverage Control Law, ▌ and being chapter 3-B of the Consolidated Laws, was in effect.   Subdivision 7 of section 17 of this statute gives to the Alcoholic Beverage Control Board power to adopt rules and

regulations not inconsistent with law for the supervision and regulation of the manufacture and sale of beer throughout the State. Subdivision 4 of section 97 of the same act provides: " Violation by any person of any rule of the state board shall be a misdemanor if such rule so provides and if such rule shall be published in a manner prescribed by such board." While rule 6 of the rules adopted by the State Alcoholic Beverage Control Board pursuant to section 17 of the statute above mentioned is referred to in the indictment, it was not proved on the trial and is nowhere set forth in the record. The respondent's brief quotes this rule as follows: " No beer or wine shall be sold to any minor actually, or apparently, under the age of sixteen years. A violation of this rule shall be a misdemeanor," and states that such rule was issued and certified to on June 15, 1933, by the secretary to the Board. For the purposes of this discussion we shall assume that the rule as quoted by the respondent is correct.

By article III, section 1, of the State Constitution the People vested the legislative power in the Senate and the Assembly. This includes the power to define and declare crimes and public offenses. " The power of the legislature in the punishment of crimes, is not a special grant, or a limited authority to do any particular thing, or to act in any particular manner. It is a part of ' the legislative power of this state,' mentioned in the first sentence of the constitution. It is the sovereign power of a state, to maintain social order, by laws for the due punishment of crimes. It is a power to take life, and liberty, and all the rights of both, when the sacrifice is necessary to the peace, order, and safety of the community. This general authority is vested in the legislature, and as it is one of the most ample of their powers, its due exercise is among the highest of their duties. * * *

" The power of the state over crimes is thus committed to the legislature, without a definition of any crime, without a description of any punishment to be adopted, or to be rejected, and without any direction to the legislature concerning punishments. It is then, a power to produce the end by adequate means; a power to establish a criminal code, with competent sanctions; a power to define crimes and prescribe punishments by laws, in the discretion of the legislature." (*Barker* v. *People,* 3 Cow. 686, 704, 705.)

" Unquestionably the definition of offenses and the prescription of punishment for such offenses is a legislative power." (*Matter of Mandel* v. *Board of Regents,* 250 N. Y. 173.) (See, also, *People* v. *Persce,* 204 id. 397.)

The Legislature may delegate to administrative agencies power to make reasonable rules and regulations for administrative purposes

and give to such rules and regulations the force and effect of law. (*United States* v. *Grimaud*, 220 U. S. 506.) In so doing it is providing for the administration of the laws which the Legislature itself has enacted. It may declare the violation of these rules to be a crime and provide the punishment for their violation. In so doing it is exercising the legislative power committed to its discretion by the People through the Constitution. The substantive portion of the legislation is found in that part of the statute which declares the violation of the rules and regulations to be a crime and prescribes the punishment for such violation. (*Brodbine* v. *Inhabitants of Revere*, 182 Mass. 598; 66 N. E. 607.)

While the Legislature may delegate the power to make rules and regulations and give them the force and effect of law, it may not delegate the power to create crimes and prescribe the penalties therefor. The declaration of the crime and the prescription of the penalty for the violation rest in the ultimate discretion of the Legislature. As was written for the court by Mr. Justice BLATCHFORD in *United States* v. *Eaton* (144 U. S. 677, 687): " It is a principle of criminal law that an offense which may be the subject of criminal procedure is an act committed or omitted ' in violation of a public law, either forbidding or commanding it.' 4 American & English Encyclopedia of Law, 642; 4 Bl. Com. 5. \* \* \*

" It is necessary that a sufficient statutory authority should exist for declaring any act or omission a criminal offense; \* \* \*.

" Regulations prescribed by the President and by the heads of departments, under authority granted by Congress, may be regulations prescribed by law, so as lawfully to support acts done under them and in accordance with them, and may thus have, in a proper sense, the force of law; but it does not follow that a thing required by them is a thing so required by law as to make the neglect to do the thing a criminal offense in a citizen, where a statute does not distinctly make the neglect in question a criminal offense."

This rule is expressed as follows in *United States* v. *Louisville & N. R. Co.* (176 Fed. 942): " A crime can be created only by a public act, and the language of the act must be sufficient to completely declare and define the crime and affix the punishment. It is not competent for Congress to delegate to the President or the head of an executive department the power to declare what facts shall constitute an offense."

The English rule is the same: " It has been my privilege (or misfortune) to draft a large number of statutory rules and orders and to have had to study many others, and I am confident that no Department regards a mere power to make regulations for the purpose of carrying an Act into effect as conferring any power to

make regulations creating criminal offences; that can only be done by an Act of Parliament itself. The Act may confer the power of making regulations and go on to provide that a breach of regulations so made shall be a punishable offence; but no regulations could themselves create offences or impose penalties." (M. L. Gwyer, 5 J. of Pub. Ad. 404, 409.)

The rule also follows by inference from the language of the court in *United States* v. *Grimaud (supra)*. There Congress had delegated to the Secretary of Agriculture power to make rules and regulations regulating the use of the forests and the statute further provided that a violation of such rules should be punished as provided by another general law. The defendant was charged with having violated this rule. It was held that because the violation of such rule was made a crime by the law itself and not by the Secretary of Agriculture, there was no improper delegation of legislative authority. The court wrote: " The Secretary did not exercise the legislative power of declaring the penalty or fixing the punishment,  *  *  *  but the punishment is imposed by the act itself. The offense is not against the Secretary but, as the indictment properly concludes, ' contrary to the laws of the United States and the peace and dignity thereof.' "

In the light of these authorities let us now examine the case at hand. Here the Legislature has delegated to an administrative board the power to make rules and declared that a violation thereof shall be a misdemeanor " if such rule so provides." By the law itself neither every violation of a rule nor any violation is made a crime. The Board in its discretion might fail to provide that any violation should be a misdemeanor. On the other hand, it might rule that every violation be a misdemeanor. Thus the Board is made the final arbiter as to which acts shall be criminal and which shall not. The ultimate determination as to whether a violation shall constitute an offense is not made by the Legislature in the statute itself, but is delegated to the discretion of the Board. The offense is created by the rule and not by statute. The rule must declare the crime or no crime exists. If the law " ' is perfect, final and decisive in all of its parts, and the discretion given only relates to its execution,' " then it is a proper delegation of the law-making power, otherwise not. (*Mutual Film Corp.* v. *Ohio Industrial Comm.*, 236 U. S. 230.) Here it is not the law but the rule which is final and decisive. This is not a delegation of power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. (*Field* v. *Clark*, 143 U. S. 649.) The Board not only determines the facts but also determines whether the law shall be in effect. The legislative discretion to declare a

crime has thus been attempted to be delegated to the Board. This is not only the delegation of an administrative act but also the delegation of the substantive power to determine a crime. We hold this attempted delegation to be a violation of the legislative article of the Constitution. The legislative power to create an offense may not be so delegated.

The judgment of conviction should be reversed and the indictment dismissed.

HILL, P. J., RHODES, McNAMEE and HEFFERNAN, JJ., concur.

Judgment of conviction reversed and indictment dismissed.