THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CORNELIUS RYAN, Appellant.

134

(Submitted February 28, 1935; decided April 16, 1935.)

*Frank  P.  Luongo*  for  appellant.

*William  Copeland  Dodge,  District  Attorney*  (*Erwin N·
Schapira*  of  counsel),  for  respondent.

Loughran, J. A rule of the State Alcoholic Beverage Control Board provided: " No liquors and/or wines shall be sold * * * upon any premises licensed to sell liquors and/or wines at retail for on premises consumption, during the following hours: 1. Sunday, from 3 A. M. to 2 P. M. * * * A violation of this section shall be a misdemeanor." In violation of the rule, appellant, on Sunday, January 21, 1934, between twelve and one o'clock in the afternoon, sold three glasses of whisky in premises in the city of New York then duly licensed for the sale at retail of liquors there to be consumed. For this transgression he has been convicted of " the crime of unlawfully selling liquors on Sunday at unlawful hours." The only question here is whether the conviction is warranted by law.

The applicable statute (since repealed by Laws of 1934, ch. 478) is Laws of 1933, chapters 180 and 819. Chapter 180, enacted to regulate the brewing and sale of beer and similar fermented malt beverages, became effective April 12, 1933. It was amended and supplemented by chapter 819, so that the manufacture and sale of liquors and wines as therein defined would be subject to regulation coincidentally with the effective date of repeal of the Eighteenth Amendment to the Federal Constitution (Ch. 819, §§ 1, 3). The statute created the State Alcoholic Beverage Control Board (Ch. 180, art. II) with power " to adopt rules and regulations for the supervision and regulation of the manufacture and sale of beer throughout the state not inconsistent with law " (Ch. 180, § 17,

subd. 7), and " to adopt such rules and regulations and issue such orders for the control and regulation of the manufacture, sale and distribution of liquors and wines, including  *  *  *  the hours and days and conditions of their sale, as will effectively insure temperance in the consumption of liquors and wines in the state and promote obedience to law and order " (Ch. 819, § 1 [132-a, subd. 2(e)]). At the time here in issue, all provisions of the statute relative to beer, except as otherwise expressly provided, applied to the sale of liquors and wines (Id.). The State Board thus had authority to make the rule in question without annexation of a penalty.

The statute made violation of any of its provisions a misdemeanor where punishment was not otherwise provided (Ch. 180, § 97, subd. 3). It set up a County Alcoholic Beverage Control Board in each county of the State, except in the counties comprising the city of New York, where it established a New York City Alcoholic Beverage Control Board with the same powers, functions and duties for that city as a county board had for its county. (Ch. 180, arts. III and IV.) The sole provision of the statute fixing hours of sale was section 89 of chapter 180. At the date here involved that section read: " No beer [and so no liquors or wines (Ch. 819, § 1)] shall be sold in this state on Sundays between three antemeridian and noon, or on election day between three antemeridian and six postmeridian. The sale of beer [or liquors or wines] in any county may be further restricted as to hours of sale by the appropriate county board, or may be prohibited on Sundays. It shall be unlawful to sell beer [or liquors or wines] during such hours as are prohibited by such board." Appellant's act did not infringe this provision of the statute. There is neither allegation nor proof of any rule of the Board for the city of New York.

The statute further provided: " Violation by any person of any rule of the state board shall be a misdemeanor if

such rule so provides and if such rule shall be published in a manner prescribed by such board " (Ch. 180, § 97, subd. 4). Unless this provision was valid, the conviction of appellant cannot stand. The attempt thus to commit to the unrestrained volition of an administrative board so essentially a legislative function as the definition of a substantive criminal offense was quite obviously without effect. (N. Y. Const. art. III, § 1; Penal Law, § 22; *Matter of Mandel* v. *Board of Regents*, 250 N. Y. 173, 176. See the authorities collated in 3 Willoughby on the Constitutional Law of the United States [2d ed.], § 1085, and in 35 Harv. L. Rev. pp. 952–956.)

The judgments should be reversed, and the information dismissed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Judgments reversed, etc.