The People of the State of New York, Respondent, *v.* Loyal Blanchard, Appellant.

Argued March 16, 1942; decided April 30, 1942.

*Maurice J. McCarthy, Jr.*, for appellant. The Board of Health of the City of New York is an administrative body without power to define a crime. The Legislature alone has this power. (*Barker* v. *People*, 3 Cow. 686; *Lawton* v. *Steele*, 119 N. Y. 226; 152 U. S. 133; *People* v. *West*, 106 N. Y. 293; *People ex rel. Miller* v. *Ryder*, 124 N. Y. 500; *Rhodes* v. *Sperry & Hutchinson Co.*, 193 N. Y. 223; *People* v. *Rosenthal*, 197 N. Y. 394; *People* v. *Persce*, 204 N. Y. 397; *People* v. *Ryan*, 267 N. Y. 133; *People* v. *Grant*, 242 App. Div. 310;

267 N. Y. 508; *People* v. *Shakun*, 251 N. Y. 107; *People* v. *Phyfe*, 136 N. Y. 554; *R. C. Com.* v. *G. T. W. R. R. Co.*, 179 Ind. 225; *People* v. *Hislop*, 77 N. Y. 331.) The Legislature cannot delegate the power to make and define a crime to any person, body or board. (*Gardner* v. *Ginther*, 232 App. Div. 296; 257 N. Y. 578; *deAgostina* v. *Parkshire Ridge Amusements, Inc.*, 155 Misc. Rep. 518; *People* v. *Grant*, 242 App. Div. 310; 267 N. Y. 508; *People* v. *Sullivan*, 244 App. Div. 469; *Darweger* v. *Staats*, 243 App. Div. 380; 267 N. Y. 290; *Cline* v. *Consumers Co-op. Gas & Oil Co.*, 152 Misc. Rep. 653; *Lo Tempio* v. *City of Niagara Falls*, 166 Misc. Rep. 338; *People* v. *Ryan*, 267 N. Y. 133; *Field* v. *Clark*, 143 U. S. 649; *Matter of McNulty*, 77 Cal. 164; *Sutherland* v. *Miller*, 79 W. Va. 796; *Matter of Leslie*, 87 Tex. Crim. Rep. 476; *United States* v. *Grimaud*, 220 U. S. 506; *People ex rel. Lodes* v. *Department of Health*, 117 App. Div. 856.) The Legislature may delegate to administrative boards the power to make rules and regulations under certain conditions, but never the right to make or define a crime. (*Matter of Berger* v. *Quinn*, 149 Misc. Rep. 545; *Noyes* v. *Erie & Wyoming Farmers Co-op. Corp.*, 281 N. Y. 187; *Matter of Hudson Valley Title & Mortgage Co.* v. *White*, 256 App. Div. 393; *Matter of Lyons* v. *Prince*, 281 N. Y. 557; *Matter of Kress & Co.* v. *Department of Health*, 283 N. Y. 55; *People ex rel. Kieley* v. *Lent*, 166 App. Div. 550; 215 N. Y. 626.)

*William C. Chanler, Corporation Counsel* (*Stanley Buchsbaum* and *Paxton Blair* of counsel), for respondent. The delegation of power to the Board of Health of the City of New York to adopt rules and regulations designed to preserve the health of the inhabitants of the city, the violation of which rules and regulations constitute a crime, is valid. (*People ex rel. Cox* v. *Justices of the Court of Special Sessions*, 7 Hun, 214; *Polinsky* v. *People*, 73 N. Y. 65; *People ex rel. Lieberman* v. *Vandecarr*, 175 N. Y. 440; 199 U. S. 552; *Metropolitan Board of Health* v. *Heister*, 37 N. Y. 661; *Cleveland* v. *City of Watertown*, 222 N. Y. 159; *Village of Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 123; *Blue* v. *Beach*, 155 Ind. 121; *Brodbine* v. *Inhabitants of Revere*, 182 Mass. 598; *State* v. *Noyes*, 30 N. H. 279; *State* v. *Normand*, 76 N. H. 541; *Matter of Finegan* v. *Cohen*, 275 N. Y. 432; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Grimmer* v. *Tenement House Department*, 204 N. Y. 370.)

LOUGHRAN, J.   This defendant appeals from an affirmance of his conviction of the offense of keeping unwholesome poultry contrary to section 148, regulation 27, of the Sanitary Code of the city of New York.   The probative sufficiency of the People's case is not disputed.

The Sanitary Code was formulated by the Board of Health of the city pursuant to authority conferred by the city charter.   (Old New York City Charter, § 1172, L. 1901, ch. 466, as amd.; New Charter of the City of New York, effective Jan. 1, 1938, § 558.) The charter has long provided that " any violation of the sanitary code shall be treated and punished as a misdemeanor." (Id.) A like provision is made by Penal Law, section 1740, thus: "A person who wilfully violates or refuses or omits to comply with any lawful order or regulation prescribed by any local board of health or local health officer, is guilty of a misdemeanor."   Defendant's point is that these enactments offend article III, section 1, of the State Constitution by delegating to a local health board the legislative power to define criminal offenses and to prescribe penal discipline therefor.   This idea, we believe, mistakes the boundaries of settled categories.

Within limits that are to be measured by tradition, the State may commit to local governments the power to regulate local affairs.   " The legislature in these cases is not regarded as delegating its authority, because the regulating of such local affairs as are commonly left to local boards and officers is not understood to belong properly to the State."   (1 Cooley on Constitutional Limitations [8th ed.], p. 390.)   On that basis, the main business of safeguarding the public health has always of necessity been done by local boards or officers through sanitary by-laws or ordinances which have been accorded the force of law.   (*Metropolitan Board of Health* v. *Heister*, 37 N. Y. 661, 670; *Polinsky* v. *People*, 73 N. Y. 65.)   Consequently the Sanitary Code is to be taken to be a body of administrative provisions sanctioned by a time-honored exception to the principle that there is to be no transfer of the authority of the Legislature.

It is true that the substantive law-making power of the People is vested by the Constitution in the Legislature and cannot be delegated.   It is also true that the definition of criminal offenses and

the prescription of punishment therefor is part of that legislative power. (*Matter of Mandel* v. *Board of Regents*, 250 N. Y. 173, 176.) So, the Legislature has declared that no act or omission is a crime except as prescribed by statute. (Penal Law, § 22; *People* v. *Knapp*, 206 N. Y. 373, 380.) But there has been no infringement of these standards in this instance. The Board of Health of the city has not been licensed to define any criminal offense: it is the city charter (§ 558-d) and the Penal Law (§ 1740) that make any violation of the Sanitary Code a misdemeanor. On that score, the Sanitary Code merely says that any violation thereof shall be punished in the manner prescribed by the charter and by the Penal Law. (Sanitary Code, § 224.)

*People* v. *Ryan* (267 N. Y. 133, 136) is cited by the defendant. The question there presented was one as to the constitutional validity of the following provision of the Alcoholic Beverage Control Law (Cons. Laws, ch. 3-B): " Violation by any person of any rule of the state board shall be a misdemeanor *if such rule so provides* * * *.*" (The emphasis is ours.) Such an attempt to create a criminal offense by a definition thereof to be laid down at the discretion of an administrative board was, as we held, without effect. (So, *People* v. *Grant*, 242 App. Div. 310; 267 N. Y. 508.)

The judgment should be affirmed.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.