I. KALFUS Co., INC., Plaintiff, v. AD PRESS, LTD., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, March 1, 1945.

*Myron Engleman* for defendant.

*David I. Michaelson* for plaintiff.

LEWIS, J.   In this action for damages arising out of defendant's alleged failure to furnish heat to the store and basement of which plaintiff was lessee, the defendant moves for summary judgment dismissing the complaint on the ground that the lease between the parties contained no provision for heating the premises.

Plaintiff contends that, under section 225 of the Sanitary Code of the City of New York, and when, as here, " a building is heated by means of a furnace, boiler, or other apparatus under

the control of the owner '', this defendant-owner, '' in the absence of a contract or agreement to the contrary, shall be deemed to have contracted, undertaken, or bound himself or herself to furnish heat in accordance with the provisions of this section.'' Because of defendant's failure to furnish heat when required, states the complaint, plaintiff has expended the sum of at least $1,000 to supply heat for the premises.

Defendant, although affirmatively alleging that its heating plant has produced sufficient quantities of heat to keep plaintiff's premises in a proper, healthful condition at all times when it was necessary to supply heat, denies any agreement express or implied, upon which plaintiff could base its present action. Defendant further contends that the Sanitary Code of the City of New York, being a City ordinance, lacks the force and effect of a statute and, therefore, does not give the plaintiff the right to sue on an implied contract.

The motion for a summary judgment dismissing the complaint is denied. The reasonableness of section 225 of the Sanitary Code is apparent when one considers the number of buildings in New York City occupied by more than one tenant and heated by a central system under the landlord's control. The section does no more than compel the owner to do that which the physical condition existing in the building implies he should do. In such case, says the Code, the owner is required to furnish heat at a prescribed minimum temperature because the owner is '' deemed to have contracted '' to furnish such heat.

That a contract may be implied by a provision in such a code has long been recognized by the courts. In *Weeks v. Rector, etc., of Trinity Church* (56 App. Div. 195) the court considered the effect of section 503 of the Consolidation Act of 1882, which contained a requirement of the old Building Code of the City of New York. Under that section, it was the duty of the owner of property upon which he intended to erect a building to file a statement with the Superintendent of Buildings, and to procure from him a permit to build before proceeding with the work. The contract between the plaintiff builder and the defendant owner contained no provision for the securing of such permit. But, said the court (p. 198): '' *It being made by the law the duty of the defendant to procure this permit, there arose under the authority of the cases cited above an implied obligation that it would procure the permit* within the time necessary to enable the plaintiff to proceed with his work diligently and promptly as he had agreed to do in his contract. So, although the allegation upon that subject in the complaint is a conclusion of law, yet it correctly states the obligation of the defendant towards

the plaintiff, necessarily resulting from the contract. If the plaintiff proved the violation of that obligation, he was entitled to recover such damages as he might have suffered thereby.'' (Underscoring mine.) In the present case, the code section even specifies the contract or obligation to be implied.

In *People* v. *Blanchard* (288 N. Y. 145) the court said: '' the main business of safeguarding the public health has always of necessity been done by local boards or officers through sanitary by-laws or ordinances which have been accorded the force of law. (*Metropolitan Board of Health* v. *Heister,* 37 N. Y. 661, 670; *Polinsky* v. *People,* 73 N. Y. 65).'' Subdivision a of section 558 of the New York City Charter (1938) which continued the Sanitary Code in effect, provides: '' Such code shall have the force and effect of law.'' Pursuant to the provisions of section 982–8.0 of the Administrative Code of the City of New York (as amd. by L. 1939, ch. 763), all courts are required to take judicial notice of all laws contained in the Sanitary Code.

The contract implied in said section 225 must, therefore, be deemed a part of the lease herein, as fully as though it had been expressly incorporated in its terms. It does not modify or vary the terms of the lease but implies an addition thereto, in the absence of specific reference to heating.

The rule that where an express contract is alleged, the law will not imply a contract, does not apply in this case. As pointed out in *Commercial Bank* v. *Pfeiffer* (22 Hun 327, 336) that rule is '' applicable only to a case where the express contract and that implied by law relate to the same subject matter, and where the provisions of the express contract were intended to control and supersede those which would otherwise be raised by implication.'' In the present case, the lease contains no reference whatever to the subject matter, viz., the heating of the building. And it is only in this circumstance that section 225 of the Sanitary Code is made applicable. (See, also, *Miller* v. *Schloss,* 218 N. Y. 400, 406, 407.)

The complaint states a good cause of action for breach of a contract implied in law.

Defendant's added claim that plaintiff corporation was dissolved in October of 1943 and, therefore, cannot sue herein, is without merit. The action is for damages sustained by the plaintiff before such dissolution, and section 29 of the General Corporation Law provides that upon the dissolution of a corporation for any cause '' its corporate existence shall continue for the purpose of * * * collecting * * * its assets * * * and it may sue and be sued in its corporate name.''

Order signed denying the motion.