THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BRUNO BEVEVINO, Defendant.

City Magistrate's Court of New York, Borough of Manhattan, Municipal Term Court, May 7, 1952.

*Jacob I. Goodstein* and *Isadore Zamore* for defendant.

*Denis M. Hurley, Corporation Counsel (Arthur Goldsmith* and *Bernice P. Rogers* of counsel), for plaintiff.

PAGNUCCO, M. The defendant, Bruno Bevevino, is charged with having unlawfully caused, suffered and allowed dense smoke to be discharged from a stationary boiler used in connection with a hoisting crane at the foot of West 54th Street and North River, in violation of paragraph 1.1.1 of subdivision 1.1 of rule 1 of the Rules and Regulations of the Bureau of Smoke Control, adopted by the board of smoke control, pursuant to section D26–1.0 of the Administrative Code of the City of New York (Local Laws, 1949, No. 5 of City of New York). The defendant, conceding the facts, without, however, admitting the legal effect thereof, has moved to dismiss the complaint. He claims, for stated reasons, that the rule and the underlying local law are unconstitutional.

It is the defendant's contention that the council of the City of New York, by enacting Local Law No. 5, has not declared the emission of dense smoke to be an offense or violation of law, but has delegated to the bureau of smoke control the power to enact laws declaring what shall constitute an offense or violation of law; and — he argues — assuming this to be so, the council has thereby unconstitutionally delegated its legislative function to an administrative body. Continuing from this premise, he contends that only the bureau's rules and regulations declare the emission of dense smoke an offense or violation of law, and thus constitute an attempt to exercise a nondelegable legislative power.

Analysis of the legislation creating the bureau of smoke control (Administrative Code, § 641–3.0, subd. 3) and delegating certain functions to it (Administrative Code, § D26–1.0; Local Laws, 1949, No. 5 of City of New York, *supra*), establishes that the council, pursuant to its undoubted power under home rule (N. Y. Const., art. IX, § 12; art. XVII, § 3, City Home Rule

Law, § 11, subd. 3; see, also, *People* v. *Cunard White Star, Ltd.,* 280 N. Y. 413, 417 [1939]), has provided for a comprehensive, frontal attack upon the air-pollution menace, through the medium of administrative regulation and control reinforced by penalties which it has prescribed.

Local Law No. 5 starts with a declaration of policy in which the council after finding that it is necessary for the City of New York to intervene to protect the public from air pollution by smoke and other stated emissions, sets forth the legislative " purpose of controlling and reducing atmospheric pollution " (Administrative Code, § D26–1.0, subd. a). For that purpose, it has declared the city's policy " to maintain active and continuing supervision * * * of the emission of certain harmful and objectional elements into the atmosphere " (Administrative Code, *supra*). To effectuate this policy, the council has declared that there shall be a bureau of smoke control in the department of housing and buildings (Administrative Code, § 641–3.0, *supra*) with a director, and a smoke control board of five members, one of whom shall be a professional mechanical engineer, another a stationary engineer, another the commissioner of housing and buildings, and another the commissioner of health; the last two mentioned or their duly designated representatives shall be members ex officio (Administrative Code, § D26–1.0, subds. b, c, d).

The director is charged with the duty of investigating air pollution by smoke and other stated emissions into the atmosphere from fuel burning and combustion equipment, and of recommending to the board " the adoption of such rules and regulations * * * as may be necessary or proper to effectuate the purpose and intent of this title " (Administrative Code, § D26–1.0, subd. e).

The board's duties are detailed as follows (§ D26–1.0, subd. g): " g. Rules.— The board shall from time to time adopt and amend rules and regulations regulating and controlling the emission into the open air from any source whether fixed or movable and whether on land or water, of smoke, soot, fly ash, products of combustion or incomplete combustion resulting from the use of fuel burning equipment or from the heating of fuels or refuse, dusts arising from the transportation, handling or processing of fuels and the installation, construction or alteration of equipment giving forth such emission into the open air."

Because of the technical subject matter and the ramifications involved, the policy and standards to guide the board's actions have necessarily been laid down in broad and general terms

(*Hall* v. *Geiger-Jones*, 242 U. S. 539 [1917]; *United States* v. *Grimaud*, 220 U. S. 506 [1911]) which nonetheless constitute an intelligible command and get precision from a background of judicial interpretation in the field of smoke control (*People* v. *Cunard White Star, Ltd.*, 280 N. Y. 413, 417, *supra*; *People* v. *Murray*, 174 Misc. 251, and cases cited; compare Sanitary Code of City of New York, § 211 [Sanitary Code, § 181, revd. and amd. by Bd. of Health, Dec. 31, 1914, filed Apr. 9, 1915, under Greater New York Charter, § 1172]), as well as from the technical knowledge and developing experience of the board (*Mutual Film Corp.* v. *Ohio Indusl. Comm.*, 236 U. S. 230 [1915]; and see, *Oswald* v. *Christy*, N. Y. L. J., March 6, 1952, p. 913, col. 6 [AURELIO, J.], where· plaintiff concedes and the court affirms the constitutionality of the instant law).

The Local Law (Administrative Code, § D26–1.0, subd. k) makes violations of the board's rules and regulations punishable as follows: '' k. Penalties.— Any person convicted of violating any rule or regulation of the board   *   *   *   shall be punishable by a fine of not less than twenty-five dollars nor more than one hundred dollars, or by imprisonment for not more than three months or both, for the first offense, and by a fine of not less than fifty dollars nor more than five hundred dollars, or by imprisonment for not more than six months, or both, for a second or subsequent offense.''

It is clear from the foregoing that the Local Law itself has provided for the adoption of rules and regulations by the board under its mandate, and declared the punishment for violations. Accordingly, the council itself has enacted the offense and thereby exercised the substantive law-making power (*People* v. *Blanchard*, 288 N. Y. 145, 148 [1942], distinguishing *People* v. *Ryan*, 267 N. Y. 133, 136 [1935] and *People* v. *Grant*, 242 App. Div. 310 [3d Dept., 1934] on the ground that in those instances the law made violation of a board's rules a misdemeanor, only '' if such rule so provides.'').

In *People* v. *Grant* (242 App. Div. 310, *supra*), the court set forth the applicable rule as follows (pp. 311–312): '' The Legislature may delegate to administrative agencies power to make reasonable rules and regulations for administrative purposes and give to such rules and regulations the force and effect of law. (*United States* v. *Grimaud*, 220 U. S. 506.) In so doing it is providing for the administration of the laws which the Legislature itself has enacted. It may declare the violation of these rules to be a crime and provide the punishment for their

violation. In so doing it is exercising the legislative power committed to its discretion by the People through the Constitution. *The substantive portion of the legislation is found in that part of the statute which declares the violation of the rules and regulations to be a crime and prescribes the punishment for such violation."* (Emphasis supplied.)

That is what the council has done here.

Conforming to the objectives of the Local Law, the board of smoke control has adopted a comprehensive scheme of regulation and control of air pollution. The skeleton of statutory command has been clothed with the flesh and blood of administrative rules, including paragraph 1.1.1 of subdivision 1.1 of rule 1 here questioned, which prohibits the emission of "dense smoke" and rule O, "Definitions," defining "dense smoke."

Paragraph 1.1.1. (*supra*) and its exception (which is not interposed as a defense by this defendant) read as follows:

"No person shall cause, suffer, or allow dense smoke to be emitted into the open air from any fuel burning equipment, internal combustion engine, locomotive, marine craft, motor vehicle, open fire, premises or vessel, within the City of New York or upon waters within the jurisdiction of said city.

"EXCEPTION

"1.1.1.1 When a fire box is being cleaned or a new fire is being built in a cold boiler or furnace, dense smoke may be emitted for a period of four (4) continuous minutes."

Rule O, Definitions (*supra*) defines "dense smoke" as "Smoke so dense that it cannot be seen through at the point of emission."

The defendant does not attack the reasonableness of the foregoing rules. In the absence of such attack and knowledge as to the factual background of the rules, there is a presumption binding on this court, of the existence of facts which, if known, would establish that they represented a reasonable exercise of the police power (*Pacific States Co.* v. *White*, 296 U. S. 176, 185 [1935]). There clearly is no basis for a finding of unreasonableness (see *People* v. *Cunard White Star, Ltd.*, 280 N. Y. 413, 417, *supra*, [upholding prohibition of the discharge of smoke, avoidable by the use of modern appliances and of methods that are practicable, under Sanitary Code, § 211, *supra* (prohibiting dense smoke)]; *People* v. *Murray*, 174 Misc. 251, *supra*, and cases there cited, on the definition of "dense smoke"; cf. *Oswald* v. *Christy, supra*, [action for declaratory judgment; holding the rules to be "well within the objectives" and

granting hearing in such action, to determine whether the control exercised by and in pursuance of the rules was reasonable and proper]).

In promulgating the foregoing rules, the board of smoke control has not created the offense of emitting dense smoke, but merely laid down the rules and regulations, pursuant to statutory direction, to which the penalties declared by the council shall attach.

It is clear from the foregoing that the rule prohibiting dense smoke (par. 1.1.1., *supra*) was issued by the board of smoke control pursuant to the constitutional command of the council, and that it is a valid and substantive offense by enactment of the Local Law No. 5 of the City of New York for the year 1949 (Administrative Code, § D26–1.0, *supra*).

Accordingly, the motion to dismiss the complaint is denied. The defendant may plead or stand trial, as required by section 330 of the Code of Criminal Procedure.