Arthur Dukaif, J.
This information charges the defendant' with a misdemeanor in that he did fail to obey and comply, with the hand and voice signal directions given by a bridge and tunnel officer employed by the Triborough Bridge and Tunnel Authority (hereinafter called the Authority) directing traffic at the Brooklyn Plaza of the Brooklyn Battery Tunnel, and that the defendant refused to proceed into the proper traffic lane when directed to do so by said officer.
This is an alleged violation of section 3 of article 4 of the rules of the Authority, which reads as follows: ‘ ‘ Anything herein contained to the contrary notwithstanding, all persons in or upon vehicular crossings must at all times comply with any lawful order, signal or direction by voice or hand, of any employee of Triborough Bridge and Tunnel Authority properly identified or by any member of the New York City police force. When traffic is controlled by signs, or mechanical or electrical signals, such signs or signals shall be obeyed unless an employee of the Triborough Bridge and Tunnel Authority properly identified or a New York City police officer directs otherwise.”
This rule was promulgated pursuant to subdivision 5 of section 553 of the Public Authorities Law, which empowered the Authority: “ To make by-laws for the management and regulation of its affairs, and subject to agreements with bondholders, rules for the regulation of the use of the project and the establishment and collection of tolls thereon. Violation of such rules shall be a misdemeanor punishable by a fine of not exceeding fifty dollars or by imprisonment for not longer than thirty days, or both ”.
The defendant moves, in the nature of a demurrer, to dismiss the information. The defendant raises a number of contentions which appear to be substantial. We find it unnecessary to pass on these contentions, since we decide this motion on another ground not raised by the defendant.
Section 1 of article III of the New York State Constitution vests legislative power in the Legislature exclusively, and this power cannot be delegated.
Under subdivision 5 of section 553 of the Public Authorities Law the Authority may, by its rules, render acts misdemeanors which were not criminal theretofore. The Authority has also appointed employees to enforce these rules, the authority to do which is questionable in the absence of specific legislative authority. (See 1948 Atty. Gen. 254.)
*67 Subdivision 5 of section 553 authorizes the Authority to make such rules “ subject to agreements with bondholders ”. In order to determine whether such rules come within the delegated authority, we must look to the agreements with bondholders, who are private persons. Thus, the bondholders, by their agreements, have a say in and control over the rules which the Authority may adopt. If the agreements prohibit any rules, they are invalid. If the agreements require that any rule be made, it must be so enacted in that form and in no other, even if the Authority, on its own, would not make such rule at all or would make it in some other form. Such agreements with bondholders, like all agreements, may be modified in the future to provide that certain new rules be promulgated or existing rules repealed or amended, violations of which would constitute misdemeanors. Thus, the bondholders and the Authority, by agreement and not by independent judgment of the Authority, would be making such rules. Thus, a defendant charged with a misdemeanor for violating such rules would actually be charged with violation of an agreement and not with the breach of any prescribed rule of conduct laid down by the Legislature or a duly authorized public agency. A defendant charged with such a misdemeanor cannot tell whether he is guilty until after he has examined not merely the rule but the agreements with bondholders to see if the rule is permitted under the agreements.
When private persons supervise and control such rule-making and have a say in what, by violation, does or does not thereby become a misdemeanor, the delegation of authority to such private persons by the Legislature clearly contravenes section 1 of article III of the Constitution.
Assuming that the Legislature could authorize the Authority to make rules, it could not delegate any such power to make such rules to private persons who are not duly appointed members of the Authority. The delegation to bondholders to control the enactment of such rules by their agreements is an improper delegation which deprives the rules, so subject to the direction of bondholders, of their validity and renders any misdemeanor for a violation thereof nugatory.
This case does not come within People v. Blanchard (288 N. Y. 145). In that case the Court of Appeals dealt with a sanitary code enacted by a duly authorized public body, a board of health, and as to which, as the court said at page 147, “ the Sanitary Code is to be taken to be a body of administrative provisions sanctioned by a time-honored exception to the principle that there be no transfer of the authority of the Legislature.”
*68 Here, the delegation to the bondholders was a delegation to private persons who may not be authorized to make rules regulating conduct, violations of which are declared to be misdemeanors. (People v. Ryan, 267 N. Y. 133; People v. Grant, 267 N. Y. 508, affg. 242 App. Div. 310; Matter of Meit v. P. S. & M. Catering Corp., 285 App. Div. 506, 510).
The motion to dismiss the information is granted.