RE: CRIMINAL PENALTIES FOR ADMINISTRATIVE RULES
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THE LEGAL PROPRIETY OF THE LEGISLATURE ESTABLISHING CRIMINAL PENALTIES FOR ADMINISTRATIVE RULE VIOLATIONS. THIS OFFICE HAS DETERMINED YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
YOU ASKED, IN EFFECT:
 "UNDER THE FEDERAL AND STATE CONSTITUTIONS, MAY THE LEGISLATURE ESTABLISH A CRIMINAL PENALTY, INCLUDING A JAIL TERM, FOR VIOLATION OF AN ADMINISTRATIVE RULE?"
SPECIFICALLY, YOUR QUESTION SEEKS TO DETERMINE WHETHER THE LEGISLATURE IMPROPERLY DELEGATED A LEGISLATIVE DUTY TO THE ENVIRONMENTAL QUALITY BOARD IN THE FOLLOWING STATUTE:
 "A. EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED BY LAW, ANY PERSON WHO VIOLATES ANY OF THE PROVISIONS OF, OR WHO FAILS TO PERFORM ANY DUTY IMPOSED BY, THIS CODE OR WHO VIOLATES ANY ORDER, PERMIT OR LICENSE ISSUED BY THE DEPARTMENT OR RULE PROMULGATED BY THE BOARD PURSUANT TO THIS CODE:
 1. SHALL BE GUILTY OF A MISDEMEANOR AND UPON CONVICTION THEREOF MAY BE PUNISHED BY A FINE OF NOT LESS THAN TWO HUNDRED DOLLARS ($200.00) FOR EACH VIOLATION AND NOT MORE THAN TEN THOUSAND DOLLARS ($10,000.00) FOR EACH VIOLATION OR BY IMPRISONMENT IN THE COUNTY JAIL FOR NOT MORE THAN SIX (6) MONTHS OR BY BOTH SUCH FINE AND IMPRISONMENT(.)"
1993 OKLA. SESS. LAWS CH. 145, 28 (TO BE CODIFIED AT 27A O.S. 2-3-504 (1993)).
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER RESEARCH OF THE QUESTION YOU HAVE RAISED.
THE POWER TO DECLARE AN ACT A CRIME IS A POWER HELD EXCLUSIVELY BY THE LEGISLATURE. STEWART V. STATE, 4 OKLA. CRIM. 564, 109 P. 243 (1910). BECAUSE OF THIS EXCLUSIVITY, THE DESIGNATION OF ANY ACT AS A CRIME MUST HAVE A CLEAR LEGISLATIVE BASIS. VIERECK V. UNITED STATES, 318 U.S. 236,63 S.CT. 561, 87 L.ED. 734 (1943).
IF IT IS DESIRED THAT VIOLATION OF AN ADMINISTRATIVE RULE BE PUNISHED AS A CRIME, ONLY THE LEGISLATURE CAN DECREE THE SANCTION. UNITED STATES V. GRIMAUD, 220 U.S. 506,31 S.CT. 480, 55 L.ED. 563 (1911). THE ADMINISTRATIVE AGENCY THAT CRAFTED THE RULE MAY NOT ESTABLISH A CRIMINAL PENALTY FOR VIOLATION OF THAT REGULATION EVEN IF THE LEGISLATURE DELEGATES THAT AUTHORITY AFTER SETTING A MAXIMUM PUNISHMENT BEYOND WHICH THE AGENCY MAY NOT GO. PEOPLE V. RYAN,267 N.Y. 133, 195 N.E. 822 (1935).
AS LONG AS THE LEGISLATURE SETS THE PENALTY, HOWEVER, THE LEGISLATURE MAY DECLARE THAT IT IS A CRIME TO VIOLATE RULES PROMULGATED BY AN ADMINISTRATIVE AGENCY EMPOWERED TO ENACT RULES. AVENT V. UNITED STATES, 266 U.S. 127, 45 S.CT. 34, 69
L.ED. 202 (1924); ATCHLEY V. BOARD OF BARBER EXAMINERS OF THE STATE OF OKLAHOMA, 208 OKLA. 453, 257 P.2D 302 (1953).
IN OTHER WORDS, AN AGENCY MAY NOT UNILATERALLY DECLARE VIOLATION OF ITS RULES A CRIME, AND IT MAY NOT DECREE A CRIMINAL PENALTY FOR VIOLATION OF ITS REGULATIONS. BUT THE LEGISLATURE MAY GRANT AN AGENCY THE AUTHORITY TO MAKE RULES, AND IT MAY DECLARE THAT VIOLATION OF ANY RULE PROMULGATED UNDER THAT AUTHORITY IS A CRIME.
EXAMPLES FROM BOTH FEDERAL AND STATE JURISPRUDENCE MAY CLARIFY THIS MATTER. IN GRIMAUD, CONGRESS DIRECTED THE U.S. SECRETARY OF AGRICULTURE TO OVERSEE AND PROTECT VARIOUS FOREST PRESERVES. TO ASSIST THE SECRETARY IN HIS DUTY, CONGRESS IMBUED HIM WITH AUTHORITY TO PROMULGATE RULES FOR USE OF THE PRESERVES. CONGRESS ALSO DECREED THAT VIOLATIONS OF THE SECRETARY'S RULES WOULD BE CRIMES. CONGRESS FURTHER FIXED PENALTIES FOR SUCH VIOLATIONS. THE AGRICULTURE SECRETARY THEN ESTABLISHED RULES, INCLUDING ONE WHICH PROHIBITED GRAZING IN THE FOREST PRESERVES WITHOUT A FEDERAL PERMIT. GRIMAUD, 55 L.ED. AT 564.
GRIMAUD GRAZED HIS SHEEP ON ONE OF THE PRESERVES WITHOUT PERMISSION AND WAS INDICTED FOR THE CRIME. HE PROTESTED ON THE THEORY THAT CONGRESS COULD NOT DELEGATE THE POWER TO DECLARE ACTS CRIMES. GRIMAUD, 55 L.ED. AT 564-5.
THE U.S. SUPREME COURT SAID CONGRESS HAD NOT DELEGATED THE POWER. THE ACT THAT WAS THE CRIME WAS VIOLATION OF THE SECRETARY'S RULES. THE RULES THEMSELVES WERE MERE DETAILS.
"(T)HE AUTHORITY TO MAKE ADMINISTRATIVE RULES IS NOT A DELEGATION OF LEGISLATIVE POWER, NOR ARE SUCH RULES RAISED FROM AN ADMINISTRATIVE NATURE TO A LEGISLATIVE CHARACTER BECAUSE THE VIOLATION THEREOF IS PUNISHED AS A PUBLIC OFFENSE.
GRIMAUD, 55 L.ED. AT 569.
IN ATCHLEY, THE OKLAHOMA SUPREME COURT CONSIDERED A STATUTE THAT WAS SIMILAR TO THE ENVIRONMENTAL QUALITY BOARD STATUTE QUESTIONED HERE. THE EARLIER STATUTE PROVIDED:
 "THE BOARD OF BARBER EXAMINERS SHALL HAVE AUTHORITY TO, AND SHALL, UNDER THE DIRECTION OF THE STATE COMMISSIONER OF HEALTH, PRESCRIBE SANITARY REQUIREMENTS FOR BARBER SHOPS, AND BARBERS AND APPRENTICE BARBERS WORKING THEREIN. ANY PERSON OPERATING A BARBER SHOP WHO KNOWINGLY PERMITS SAID SANITARY REQUIREMENTS TO BE VIOLATED, AND ANY PERSON, WHETHER OR NOT A REGISTERED BARBER OR APPRENTICE BARBER, VIOLATING SAID SANITARY REQUIREMENTS SHALL BE GUILTY OF A MISDEMEANOR AND UPON CONVICTION BE PUNISHED BY A FINE OF NOT MORE THAN ONE HUNDRED ($100.00) DOLLARS(.)"
59 O.S. 77 (1941).
ATCHLEY SOUGHT AN INJUNCTION TO PREVENT THE BARBER BOARD FROM SEEKING CRIMINAL CHARGES AGAINST HIM FOR VIOLATION OF VARIOUS SANITARY REGULATIONS. ATCHLEY, 208 OKLA. AT 453. THE COURT DENIED THE INJUNCTION, QUOTING FROM 42 AM. JUR., PUBLIC ADMINISTRATIVE LAW, 50:
 "(T)HE LEGISLATURE MAY VALIDLY PROVIDE A CRIMINAL OR PENAL SANCTION FOR THE VIOLATION OF THE RULES AND REGULATIONS WHICH IT MAY EMPOWER ADMINISTRATIVE AUTHORITIES TO ENACT."
ATCHLEY, 208 OKLA. AT 456.
QUOTING FROM 42 AM. JUR., PUBLIC ADMINISTRATIVE LAW, 49, THE COURT ALSO SAID:
 "THE LEGISLATURE, HAVING DECLARED ITS POLICY AND PURPOSE AND PROVIDED STANDARDS FOR THE EXERCISE OF THE POWER, MAY CONFER UPON ADMINISTRATIVE AUTHORITIES THE POWER TO ENACT RULES AND REGULATIONS TO PROMOTE THE PURPOSE AND SPIRIT OF THE LEGISLATION AND CARRY IT INTO EFFECT, AND, EVEN THOUGH SUCH RULES AND REGULATIONS ARE GIVEN THE FORCE AND EFFECT OF LAW, THERE IS NOT VIOLATION OF THE CONSTITUTIONAL INHIBITION AGAINST DELEGATION OF THE LEGISLATIVE FUNCTION. THE AUTHORITY TO MAKE RULES TO CARRY OUT A POLICY DECLARED BY THE LAWMAKER IS ADMINISTRATIVE AND NOT LEGISLATIVE, EVEN THOUGH THE LAWMAKER HAS PROVIDED THAT A VIOLATION OF SUCH RULES SHALL BE PUNISHED AS A PUBLIC OFFENSE. SUCH POWER IS NOT THE POWER TO MAKE LAW, BUT THE POWER TO CARRY INTO EFFECT THE WILL OF THE LAWMAKER AS EXPRESSED BY THE STATUTE, AND ITS USE BY ADMINISTRATIVE OFFICERS IS ESSENTIAL TO THE COMPLETE EXERCISE OF THE POWERS OF ALL THE DEPARTMENTS."
ID.
THE ATCHLEY STATUTE PROVIDED A FINANCIAL PENALTY ONLY, BUT THE COURT'S RATIONALE PROVIDES NO REASON TO BELIEVE THAT AN IMPRISONMENT PENALTY WOULD BE TREATED ANY DIFFERENTLY. IN GRIMAUD, CONGRESS PROVIDED BOTH MONETARY AND INCARCERATION PENALTIES FOR VIOLATION OF THE AGRICULTURE SECRETARY'S RULES. GRIMAUD, 55 L.ED. AT 564. THE COURT DID NOT DISTINGUISH BETWEEN THE TWO IN UPHOLDING THE FEDERAL STATUTE.
IN THE INSTANCE HERE, THE LEGISLATURE HAS GIVEN THE ENVIRONMENTAL QUALITY BOARD AUTHORITY TO PROMULGATE RULES. SEE, E.Q., 1993 OKLA. SESS. LAWS CH. 145, 14(H) (TO BE CODIFIED AT 27A O.S. 7). THE LEGISLATURE HAS FURTHER DECREED THAT VIOLATION OF THOSE RULES IS A CRIME AND ESTABLISHED THE PENALTY FOR THE CRIME. 1993 OKLA. SESS. LAWS CH. 145, 28(A)(L) TO BE CODIFIED AT 27A O.S. 2-3-504(A)(1) (1993). ALL THE REQUIREMENTS SET OUT BY THE U.S. SUPREME COURT AND THE OKLAHOMA SUPREME COURT HAVE BEEN MET.
CONCLUSION
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THE OKLAHOMA LEGISLATURE MAY ENACT LAWS CREATING A CRIMINAL PENALTY, INCLUDING A JAIL TERM, FOR VIOLATION OF ADMINISTRATIVE RULES AND THAT THE PORTION OF 1993 OKLA. SESS. LAWS CH. 145, 28 (TO BE CODIFIED AT 27A O.S. 2-3-504 (1993)) MAKING VIOLATION OF ENVIRONMENTAL QUALITY BOARD RULES A MISDEMEANOR IS CONSTITUTIONAL.
(ANDREW TEVINGTON)