(89 App. Div. 449.)

### CITY OF NEW YORK v. H. W. JOHNS–MANVILLE CO.

(Supreme Court, Appellate Division, Second Department.    December 30, 1903.)

1. SMOKE NUISANCE—STATUTE—CONSTRUCTION.

Under Laws 1895, p. 474, c. 322, § 1, providing that no factories shall use what is known as "soft coal" for certain purposes within a certain radius, proof that defendant operated a factory within that radius, and that at the time of the alleged violation about 20 per cent. of soft coal was being used for prohibited purposes, shows a violation of the law.

2. SAME—PENALTY—COLLECTION—PARTY PLAINTIFF—MUNICIPAL CORPORATIONS —CONSOLIDATION.

Under Laws 1895, p. 474, c. 322, § 1, providing that no soft coal shall be used for certain purposes within a radius of four miles of the city hall of Brooklyn, and granting to the city a right to collect a penalty for a violation thereof, the consolidation of Brooklyn with the city of New York, and the cessation of Brooklyn's existence as a separate corporation, by which fact there became no city hall of Brooklyn, does not render the act inoperative, in view of Laws 1901, p. 652, c. 466, § 1609, providing that special acts of that character shall remain in force after the consolidation, and section 1614 (page 653), passing to the consolidated city the right to collect penalties under statutes pertaining to the old corporations.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the city of New York against the H. W. Johns-Manville Company.    From a judgment for plaintiff, defendant appeals.    Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

A. Parker Smith, for appellant.

James McKeen (Edward H. Wilson, on the brief), for respondent.

HOOKER, J.    The plaintiff brought this action for the recovery of the penalty of $100 provided for in chapter 322, p. 474, of the Laws of 1895, which is an "act to prevent the burning of soft coal in factories in the city of Brooklyn," section 1 of which reads as follows:

"No factory, engine-room ,or electrical station shall use what is known as soft coal for fuel in the furnaces of such factories, engine-room or electrical stations within a radius of four miles of the city hall in the city of Brooklyn, except for the purpose of heating or welding iron or steel; any violation of this act shall subject the proprietors or corporation that shall violate it to a fine of not more than one hundred dollars, the same to be collected by the

proper city authorities and placed in the county treasury, and such authorities shall see that this law is enforced."

The facts were stipulated before the justice who tried the case as follows:

"The defendant admits that it operated a factory within four miles of what was formerly the city hall of the city of Brooklyn; that at the time of the alleged violation a certain percentage of soft coal was being used—about twenty per cent.—and that this soft coal was not being used for the purpose of heating or welding iron or steel."

The incorporation of the plaintiff, the former city of Brooklyn, of the defendant, and the ownership by the defendant of the factory, were admitted by the pleadings. The plaintiff had judgment, and the defendant appeals, and urges this court to review its decision in the case of City of Brooklyn v. Nassau El. R. Co., 44 App. Div. 462, 61 N. Y. Supp. 33. We believe that the affirmance of the judgment in the Nassau Case was correct, and a reconsideration of the principles involved in the examination of the statute does not convince us that we should in any particular modify the rule announced in that case. We find nothing in the opinions of the Court of Appeals announced since the Nassau Case was decided which conflicts with the rule which this court there adopted.

The appellant, in addition, claims that the use of merely 20 per cent. of soft coal did not make out a violation of the statute. The stipulation upon this subject reads as follows: "At the time of the alleged violation a certain percentage of soft coal was being used —about twenty per cent." It is not made to appear whether unadulterated soft coal was used a one-fifth part of the time, or whether coal, 20 per cent. of which was soft, was being used all the time. If the former is a fact, there certainly was a violation of the statute; if the latter, appellant's proposition is raised. The evident purpose of the statute was to prevent what has been called the "smoke nuisance." But the court is not advised, even had such evidence been proper, whether this comparatively small admixture of soft coal would burn without smoke. While it may be true that the inadvertent burning of an inappreciable amount of soft coal mixed with a bulk of hard coal might be insufficient upon which to predicate a violation of the statute, our attention has not been directed to any rule of law which holds that 20 per cent. of the whole is not, for all usual intents and purposes, to be considered as a substantial part thereof; and we think that the trial court was correct in holding that the burning of 20 per cent. of soft coal was a violation of the statute.

The appellant's remaining point—that, inasmuch as the city of Brooklyn has passed out of existence, and there is no longer a city hall of Brooklyn from which measurements of four miles may be taken, the act is inoperative—cannot prevail. The building designated in the act remains, and has outlived the consolidation of the former city of Brooklyn into the present city of New York. The territory of the former city of Brooklyn also continues, and possesses the same characteristics, and in this territory the former city hall of Brooklyn is still the center of the circle whose radius of four miles

is described in the statute. Section 1609, c. 466, p. 652, of the Laws of 1901, specifically provides that special acts of this character shall remain in force after consolidation, and pursuant to section 1614 (page 653) the right to collect the penalty is in this plaintiff.

The judgment must therefore be affirmed, with costs. All concur.

