John H. Pennock, J.
This is a motion by the plaintiff for an order declaring unconstitutional an ordinance of the Town of Saugerties, Ulster County, which is designed to regulate smoke, gases and waste.
The plaintiff in this action for a declaratory judgment and permanent injunction alleges in its petition and complaint amongst other things that on November 16, 1955 the Town of Saugerties passed an ordinance known as “ Ordinance of the Town of Saugerties for the regulation of smoke, gases and waste. ’ ’ It claims that the ordinance is illegal, invalid and inoperative against plaintiff in that it has never been published as an ordinance as regulated by the Town Law.
Further, the plaintiff claims that the local ordinance is in conflict with the'Public Health Law of the State of New York (art. 12-A) and the Public Health Law regulations, Part 187 of which provides 1 ‘ contaminant emissions from processes, and exhaust and ventilation systems ” in particular (10 NYCRR Part 187), and would define and regulate air contamination and air pollution for the State of New York, and, as such, said ordinance is pre-empted by the State regulation.
The plaintiff also urges that the ordinance is unconstitutional because it fails to provide standards for a measure of any violation or to define a violation.
The defendant town urges this court to dismiss the motion and action on the grounds that the Town Justice’s Court has made a prior determination that the ordinance is constitutional and no conflict between the State health laws and the ordinance is present. Further that there is insufficient proof of failure of the town to publish the ordinance. The record of this proceed *815 ing is not before the court; however, from the papers it appears that a complaint charged the plaintiff with a violation of the local “smoke” ordinance on January 20, 1970, and is still pending in Justice’s Court.
The ordinance in question is the commonly accepted ordinance which historically existed prior to civilization discovering or determining that ecology is something other than a word in the dictionary, and similar type statutes have existed back to the last century. Further the Town Law provides the power of the town board to enact ordinances in respect to ‘ ‘ smoke, gases and waste.” (Town Law, § 130, subd. 8.) The local ordinance of the Town of Saugerties was enacted in November of 1965 and is not truly a pollution control type legislative act as it lacks any modern standards and fails to define exact criteria which would be considered air pollution. Contra, of course, in respect to the codes, rules and regulations of the New York State Health Department. (Contaminant Emissions from Processes, and Exhaust and Ventilation Systems; see 10 NYCRR Part 187.)
This local ordinance is more of a preventive nuisance variety and has often been called a “ smoke abatement statute.” (People [Newman] v. Murray, 174 Misc. 251, 261.) For many years these statutes have been held valid, such as the use of soft coal was prohibited in Brooklyn in 1895. (City of New York v. Johns-Manville Co., 89 App. Div. 449.) In fact in the Murray case (supra) the court said that the term “ dense smoke ” as used in the ordinance must be construed as commonly understood and not in the technical sense employed by engineers. (People [Newman] v. Murray, supra, p. 256-257.) Many of these statutes were derived from sanitary codes adopted by localities and have always been considered constitutionally sound by the courts (People v. Bevevino, 202 Misc. 723) and the City of New York extended governmental regulatory rules and regulations to air pollution over 20 years ago. (Rules and Regulations of New York City, Department of Air Pollution Control, rule 1, subd. 11, pars. 1.1.1., l.l.l.l. See People v. Oswald, 1 Misc 2d 726, 728 [1952].) “A municipality is allowed wide discretion by the courts in proscribing pollution-causing activity, as the courts have upheld general guidelines as a proper exercise of police power.” (See 34 Albany L. Rev., 568, Pollution Control in New York; also West Bronx Auto Paint Shop v. City of New York, 13 N Y 2d 730.) Thus we have a historically valid ordinance, constitutionally sound whether its intent is to abate smoke or pollution of the air or both.
*816 In its present posture, the New York State Public Health Law (art. 12-A, tit. II, Air Pollution Control Board) and the ancillary codes, rules and regulations (specifically, 10 NYCRR 555.1, which sets the standards for Ulster County) would avail a proceeding under article 12-A, the Air Pollution Control Act. (Contra, in Gorniakowski v. Ingraham, 33 A D 2d 32; in that case the regulations had not been adopted.)
The question whether the State statute has pre-empted the regulation of air pollution carries no weight, as the Court of Appeals recently held that such a contention is without merit (Oriental Blvd. Co. v. Heller, 27 N Y 2d 212); and this court, applying the same reasoning to the Public Health Law, makes a similar finding.
We now come to the point that the ordinance is subject to compliance with the publication requirement of section 133 of the Town Law. In order to avail both parties of an opportunity to fully present evidence as to this point, the court determines that a hearing should be held limited to that specific question of whether there was sufficient compliance with section 133 of the Town Law. If there were no publication and posting the ordinance is invalid in its entirety and must be again entertained by the Town Board. In the event such reconsideration is given by the board at some future date the ordinance should be updated and revised to comply more fully with section 135 of the Town Law in respect to violations. (Town Law, § 135.) The language of section 5 of the ordinance contains the phrase “ Shall be a disorderly person ”, and although this may not be fatal now, it does contain Criminal Code language which no longer exists. (Code Grim. Pro., § 899, repealed by L. 1967, ch. 681, § 91.) The remainder of this section 5 appears to be a valid employment of subdivision 7 of the new section 240.20 of the Penal Law. In any event those questions shall be explored on the trial before the Justice’s Court.
In conclusion, the motion for an order declaring the ordinance inoperative and unconstitutional is denied, and the cross motion for summary judgment is granted the defendants, except that a hearing is ordered in respect to the one issue raised by the pleadings in respect to the town’s compliance with section 133 of the Town Law.
That part of the cross motion for an order granting the defendant town the right to substitute attorneys is granted.